## SMITH *vs.* DUDLEY.

1. The verdict in this case is contrary to law and evidence.

(*a.*) S. sold land to V., and paid all the purchase money except $74.00, but had only a bond for title. Some three years afterwards V. sold to D.; they went to S. to pay him the unpaid balance due on the land, and obtain from him a deed made directly to D. A deed was prepared and presented to him conveying one hundred and thirteen acres. This he refused to sign because the words "more or less" were omitted. He stated that these words were customary in all deeds, that he never made a deed without them; that there might be more or less than one hundred and thirteen acres, he did not know how many there were—he was not an expert, but had a plat from the county surveyor, who was; he thought that there was that number of acres in the tract, though he would not make a deed for that many; he never saw the land, never was on it, and had no means of knowing how much there was except from the plat. Whereupon the words "more or less" were inserted in the deed:

*Held*, that in an action for deceit brought by the second vendee, who was the grantee in the deed, a verdict for the plaintiff was contrary to law and evidence.

2. There being no evidence on the subject of counsel fees, or to show that the defendant had been stubbornly litigious, or had caused the plaintiff unnecessary trouble and expense, a charge that the jury might allow damages on those grounds was error.

3. Evidence of the wilful misrepresentation of a material fact, or knowledge of a falsehood stated, or the fraudulent or reckless representation of a fact as true, though not known to be false, yet intended to deceive, constitutes the essential element of an action of deceit. Such was the charge of the court, and there being no evidence showing any of these facts, the verdict was contrary to the charge.

4. Under the facts stated in the first head-note, in an action for deceit in misrepresenting the amount of the land, the plat on which both parties acted in inserting the words "more or less" in the deed was

admissible; especially so after parol evidence had been allowed to show what the representations were.

December 19, 1882.

Verdict. New Trial. Fraud. Evidence. Before Judge CARSWELL. Washington Superior Court. March Term, 1882.

Reported in the decision.

JAS. K. HINES, by L. E. BLECKLEY, for plaintiff in error.

J. W. ROBINSON; H. D. D. TWIGGS, for defendant.

CRAWFORD, Justice.

Charles H. Dudley, the plaintiff below, brought his action of deceit against Isaac L. Smith, the plaintiff in error, to recover of him $300.00, because of his wilful, fraudulent and deceitful misrepresentations of the number of acres of land contained in a certain tract sold by the said Smith to the said Dudley.

On the trial, the facts shown by the testimony were that Smith sold the land in question to one Vickers, who had paid all the purchase money except $74.00 and had only a bond for titles; that some three years after this sale to Vickers, he sold to Dudley; that after they had traded, they went to Smith to pay him the unpaid balance due on the land, and to get him to make a deed directly to Dudley instead of making it to Vickers; that Dudley had the deed written conveying to him one hundred and thirteen acres of land, which, when presented to Smith, he refused to sign, because the words more or less were omitted, stating to Dudley that these words were customary in all deeds, that he had never made a deed without them; that there might be more or less than one hundred and thirteen acres; he did not know how many there were;

he was no expert; but had a plat from Clarke, the county surveyor, who was; that he thought there was that number of acres in the tract, though he would not make a deed for that many; never saw the land; was never on it, and had no means of knowing how much there was except from the plat; that thereupon the words "more or less" were inserted in the deed.

The jury, under the charge of the court, returned a verdict for the plaintiff for the sum of $100.00, whereupon the defendant moved for a new trial, which the court refused, and upon this error is assigned.

The grounds in the motion for a new trial are, substantially, that the finding of the jury was against law and evidence; against the charge of the court, because the judge instructed the jury that if the defendant had been stubbornly litigious, or had caused the plaintiff unnecessary trouble and expense, they might allow the expenses of litigation including counsel fees, which were allowed by the jury, when there was no evidence whatever as to the same; that the judge excluded from the jury the plat offered in evidence by the defendant, and which was used in connection with the execution of the deed.

1. Under the testimony accompanying the record, it is very clear that the verdict in this case is against the law and evidence, as well as contrary to the charge of the court, as set out in the sixth ground of the motion for a new trial.

The evidence shows that the plaintiff never purchased the land from Smith at all, but, on the contrary, that he bought it from Vickers, and the trade between them had been concluded before they went to Smith, or he had any connection whatever with the bargain. If Dudley were deceived, it was certainly not done by Smith, for he expressly stated to him that he had no personal knowledge of the land whatever, but that he relied upon a plat which he had, and which he had had made by the surveyor of the county. His sale of the land had been made three years

before Dudley bought it ; he had no interest in the sale to him, the purchase money, except $74.00, had all been paid, and he held the title to the land as the security for the payment of that, and no complaint appears to have been made by Vickers, his vendee.

2. There was no evidence introduced on the subject of counsel fees, and none as to the fact that the defendant had been either stubbornly litigious, or had caused the plaintiff unnecessary trouble and expense, therefore the judge erred in charging the jury that they might allow damages to the plaintiff therefor.

3. The charge of the court, against which it is alleged that the jury found, was that "a wilful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action; but in all cases of deceit, a knowledge of the falsehood constitutes an essential element of the action. A fraudulent or reckless representation of a fact as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood."

The evidence of the wilful misrepresentation of a material fact; or the knowledge of a falsehood ; or the fraudulent or reckless representation of a fact as true, though not known to be false, yet intended to deceive, does not appear against the plaintiff in error in this record. To have found for the plaintiff below, the evidence should have shown the defendant guilty of those wrongs which constitute the essential elements of the action.

4. In this action against the plaintiff in error for deceit, and especially after allowing parol evidence to fix the same upon him, we cannot see any just or legal reason why the plat, which seems to have satisfied the defendant in error and induced him to have inserted in his deed the words " more or less," should have been excluded from the jury as incompetent testimony. After the plaintiff had alleged, and attempted to prove, fraudulent and

deceitful misrepresentations upon him, to deny to him the right of submitting the evidence upon which they both appear to have acted, and which was a controlling part of the *res gestæ,* was error.

To entitle a plaintiff to recover, in any case, he must support his allegations with proof; that is to say, he must prove the case he makes, and especially should this be so when moral and legal wrong are both alleged as the foundation of his action. In this case it does not appear to us to have been done, and a new trial is therefore ordered.

Judgment reversed.