JAQUES *vs.* STEWART.

1. Whenever a plaintiff seeks to show title in himself by deed or other writing, the defendant has a right to attack the instrument and show that it is not a title, and that it is void for usury or other cause; and he can do this without filing a plea to that effect. Especially is this true where the instrument relied on is not set out or mentioned in the declaration, and the defendant could not know or anticipate by what means plaintiff expected to prove his title.
2. If plaintiff in a trover suit elect to take the value of the property

vs1—6.

and the hire thereof, he must prove the value at the time of the conversion, and not afterwards, and prove the value of the hire. If he elects to take the highest value of the property at any time between the conversion and the trial, and goes into proof of the value after the conversion and up to the time of the trial, then he is not entitled to hire or to interest. It was error to charge that the plaintiff was entitled not only to the highest value of the property from the time of conversion up to trial, but also to the hire.

May 28, 1888.

Defence. Practice. Pleadings. Measure of damages. Before Judge HARRIS. City court of Macon. September term, 1887.

Reported in the decision.

A. PROUDFIT, for plaintiff in error.

HILL & HARRIS, contra.

SIMMONS, Justice.

Stewart brought an action of trover against Jaques for the recovery of two mules. Upon the trial of the case, the jury found for the plaintiff. A motion for new trial was made, upon the several grounds stated therein, which was overruled by the court, and the defendant excepted. The 2d, 3d and 7th grounds of the motion are all that we consider it necessary to notice in this case. The 2d and 3d grounds are, in substance, that the court refused to permit the defendant to show by the plaintiff and his books, that there was usury in the bill of sale which the plaintiff relied on as his title. The 7th is, because the court instructed the jury that they could find the highest proved value of the mules between the conversion and the trial, and that they might allow hire also.

1. We think the court erred in refusing to grant a new trial upon these grounds. In order for the plaintiff

to recover in trover, he must show title to the property
sued for.   Stewart attempted to do this by introducing
to the jury a bill of sale made by Gordon to him to the
mules in controversy.   The defendant sought to attack
this title by showing that it was made by Gordon to
Stewart as security for a debt, and was tainted with
usury.   The court refused to allow him to do this unless
he would file a plea of usury.   It will be remembered
that this case is between Stewart and Jaques, a third
party, and not between Stewart and Gordon, the maker
of the bill of sale.   Our opinion is, that whenever the
plaintiff brings an action and seeks to show title in him-
self by deed or other writing, the defendant has a right
to attack the instrument and show that it is not a title,
and that it is void; and he can do this without filing a
plea to that effect.   This bill of sale was not set out in
the declaration.   The defendant could not know or an-
ticipate by what means the plaintiff expected to prove
his title.   How could he then be expected to file a plea?
Even in ejectment, the defendant has a right to attack
a deed without filing a special plea, the difference being
that, where no plea is filed, the deed is admitted upon the
certificate of its record, and the burden is upon him to
prove it.   We think, therefore, that the court ought to
have allowed this proof to be made if the defendant
could have made it.   If he could show that this bill of
sale was made as security for a debt, and that it it was
tainted with usury, the code declares that the title thus
made shall be void, and the plaintiff will not be entitled
to recover.

2. We think also, that the court erred in charging the
jury as complained of in the 7th ground of the motion.
The plaintiff in an action of trover has a right to elect
what kind of verdict he will take.   If he elects to take the
value of the property and the hire thereof, he must then

prove the value at the time of the conversion and not afterwards, and prove the value of the hire. If he elects to take the highest value of the property at any time between the conversion and the trial, and goes into the proof of the value after the conversion and up to the time of the trial, then he is not entitled to hire or to interest. In this case, the court charged that he was not only entitled to the highest value of the property from the time of its conversion up to the trial, but also to the hire; which we think was error. See *Tuller vs. Carter*, 59 *Ga.* 395; *Woods vs. McCall*, 67 *Ga.* 506; *Ezzard vs. Frick & Co.*, 76 *Ga.* 512.

Judgment reversed.