LANGDALE *v.* BOWDEN & COMPANY.

LUMPKIN, J. 1. Suit was brought to recover certain personal property. The defendant denied that the property belonged to the plaintiffs, and alleged that it was agreed to be sold by the defendant to the plaintiffs on certain conditions, which were not complied with, and the sale was never consummated. The plaintiffs introduced evidence to show that they had bought the property from the defendant for a stated amount, a part of which was to be paid in cash, and their notes were to be given for deferred payments, and that they had lawfully received possession and had tendered to the defendant the cash payment and the notes as agreed, but he had refused to receive them and had wrongfully retaken possession of the property by force. *Held,* that in such case evidence that the purchasers (the plaintiffs) tendered the cash payment and notes was admissible as tending to show their right to the property, without any formal pleading of a tender.

2. In an' action to recover personal property, usually termed trover, under the statute, the plaintiff is not entitled to recover both the highest proved value at any time between the conversion and the trial and also hire. A charge that he can' so recover is erroneous. *Jaques* v. *Stewart*, 81 *Ga.* 81 (6 S. E. 815).

3. In view of the character of the case, and of the evidence, there was no error in the announcement of the presiding judge that he would not charge in regard to a timber contract between the defendant and a third person, or in not charging in regard to it as an element of set-off, in case the plaintiffs obtained a verdict in the trover suit to recover a sawmill and appurtenances.

4. The portion of the charge to which exception; was taken on the ground that it contained an intimation of opinion was not amenable to that criticism.

5. An error in entering up a judgment, by reciting that it should be at eight instead of seven per cent. interest, is not a proper ground of. a motion for a new trial. Such action might furnish ground for direct exception, motion to amend, or some other appropriate remedy; but it would be no cause for trying the case again before a. jury.

                    *Judgment reversed. All the Justices concur.*
                    JANUARY 23, 1913.

Trover. Before Judge Parker. Clinch superior court. September 2, 1911.

*E. W. Edwards* and *R. G. Dickerson,* for plaintiff in error.

*S. C. Townsend* and *E. K. Wilcox,* contra.