29226. PAYNE *v.* AMERICAN AGRICULTURAL CHEMICAL COMPANY.

SUTTON, J. 1. Where a fertilizer company enters into a written contract with another, under which fertilizers are to be shipped to such person for sale for the company on commission, and with the distinct understanding that the authority of the agent was limited, in disposing of the goods, to selling for cash or on credit, and in selling for cash the money received from the purchaser was to be remitted immediately to the company, and in selling on credit the purchaser was to execute notes for the purchase-price, payable to the company, and to be immediately transmitted to it, the title to all of the goods so shipped the agent to remain in the company until the goods were sold as provided by the written agreement, a shipment or delivery to the agent under such a contract does not constitute a sale but only a bailment or consignment of goods. *National Bank of Augusta* v. *Goodyear*, 90 *Ga.* 711 (3). (17 S. E. 102).

2. The mere fact that, as a memorandum of goods shipped, the company renders an invoice to the agent, and enters a "charge" against him on its books, does not necessarily negative the fact of bailment or consignment. *National Bank* v. *Goodyear*, supra; *Johnston-Crews Co.* v. *Smith*, 161 *Ga.* 382, 388 (131 S. E. 65). The evidence in the present case de-

manded a finding that the fertilizer, "charged" to the plaintiff's agent and released on orders which the defendant claimed, and the agent denied, were given for delivery of goods to the defendant, was delivered by the plaintiff as a consignment to its agent, although the defendant acquired possession of the fertilizer from the persons who hauled the fertilizer from the premises of the plaintiff.

3. Where trover was brought by the manufacturer against the defendant, who had received fertilizer which had been released by the plaintiff on orders alleged by the defendant to have been issued by the plaintiff's agent, and the defendant testified on the trial of the case that under an agreement with the agent the latter was to deliver to him fifty tons of fertilizer as a part consideration for the discharge of a previously existing debt which was owed to him by the agent and another person, the agent denying that he had entered into such an agreement with the defendant or had given any order for delivery of fertilizer to him, but testifying that he had given a trucker an order for transporting thirty tons of fertilizer from the plaintiff to himself; and where it was shown that the defendant had acquired possession of thirty tons of fertilizer, which the plaintiff had released for delivery to the agent on consignment, the defendant neither paying cash therefor nor executing notes payable to the plaintiff, and that upon demand by the plaintiff the defendant refused to surrender possession of the fertilizer he had received in the manner stated, contending that he had acquired title to the fertilizer by reason of his alleged agreement with the agent; and where, however, in the trover suit he admitted that he had formerly acted as agent for the plaintiff in the sale of fertilizer, and that it was its usual custom to ship it to the local agent who would sell it and collect cash "for the company;" *Held*, that, the evidence showing that title to the fertilizer in question was at all times in the plaintiff, and that the defendant was not an innocent purchaser, the defendant acquired no title to or right of possession of the fertilizer, and a verdict in favor of the plaintiff in trover, as for a conversion, was demanded.

4. Inasmuch as a verdict for the plaintiff was demanded, it is unnecessary to consider the special grounds of the defendant's motion for new trial assigning error on an excerpt of the charge of the court, and the failure of the court to charge the jury, without request, in certain particulars.

5. The plaintiff elected to take a money verdict for the highest proved value of the property between the date of the conversion and the date of the trial. The jury returned a verdict in favor of the plaintiff for $893 principal, $52.10 interest, total $945.10. There was evidence authorizing the jury to find that the highest proved value of the property, on a credit basis, between the date of the conversion and the date of the trial was $893, and that in purchasing on credit the buyer would execute a note for the value of the fertilizer, the note bearing interest at 8 per cent. per annum from date. One ground of the motion for new trial complains that the verdict was illegal, for the reason that interest was allowed. While the testimony for the plaintiff was to the effect that where such fertilizer was sold on credit the buyer was to pay interest on the purchase-price evidenced by a promissory note, such testimony establishes only that the highest proved value was $893 for the

fertilizer in question. No interest eo nomine may be recovered; but *damages* equivalent to interest at seven per cent. per annum may be recovered, in a trover suit, in addition to the value of the property at the time of the conversion, provided that such amount of damages be added to the value found as of the date of conversion and a verdict be returned in one lump sum. *Beaver* v. *Magid*, 56 *Ga. App.* 272 (1-*c*) (192 S. E. 497). But where the plaintiff elects to recover the highest proved value between the date of the conversion and the trial of the case, no hire or interest can be included in the verdict. *Jaques* v. *Stewart*, 81 *Ga.* 81 (2) (6 S. E. 815); *Langdale* v. *Bowden*, 139 *Ga.* 324 (2) (77 S. E. 172). Accordingly, the verdict allowing interest in addition to the highest proved value of the property, $893, can not be upheld as written. Direction is given, however, that the plaintiff write off from the verdict and judgment the amount of interest, $52.10; upon failure to do which the judgment of the trial court will stand reversed.

6. The special ground of the motion for new trial, complaining that the verdict was excessive as to the amount of $893, is without merit.

*Judgment affirmed, with direction. Felton, J., concurs. Stephens, P. J., concurs in the judgment.*

DECIDED FEBRUARY 6, 1942.

*J. L. Smith*, for plaintiff in error.

*Robert D. Tisinger, T. M. Smith, MacDougald, Troutman & Arkwright*, contra.