34968. PARKS *et al. v.* PARKS.

Decided March 10, 1954.

*Mitchell & Mitchell,* for plaintiffs in error.

*Pittman, Hodge & Kinney,* contra.

GARDNER, P. J. ■ Counsel for the movants contend, as to the general grounds, that this judgment being based on the verdict as set forth above, and there being no evidence to authorize a verdict or judgment against Mrs. Henry C. Parks, Sr., and the action being joint and the judgment being indivisible, the verdict and judgment must stand or fall as a whole, and that this court is without authority to affirm it in part and reverse it in part.

In support of their contention in this regard, counsel for the movants call our attention to *Brownlee* v. *Abbott,* 108 *Ga.* 761 (33 S. E. 44). The whole opinion in that case consists of 5½ lines to wit: "This being an action of trover against three defendants, upon the trial of which there was a verdict against all, and there being, certainly as to one of them, no evidence to support the jury's finding, a new trial should have been granted." We have procured the original record in that case and have read all of it. It is so different in its facts from the facts of the instant case that it can hardly be called analogous. We have traced that case through Shepard's also. In the *Brownlee* case, the defendants denied the allegations of the petition—which set up that the three defendants therein were in possession of the animal in question to which the plaintiff claimed title. The defendants denied possession of the animal, and claimed that the title was not in the plaintiff.

In the instant case, the attorneys for the movants filed an answer for both Henry C. Parks, Sr., and Mrs. Henry C. Parks, Sr. In paragraph 4 of the answer, the attorneys for the movants, in answer to paragraph 4 of the petition, stated: "The defendant, Henry C. Parks, Sr., admits that he took possession of the said car but denies that he did it wrongfully, he alleges that the reason that he took possession of said automobile was because the same belonged to him. The value of said car is neither admitted nor denied for want of sufficient information. The defendant, Mrs. Henry C. Parks, Sr., denies that she took possession of the said car, and denies that she claims any title to

the same whatsoever." The trial proceeded in accordance with the allegations of the answer in this paragraph, that is, the case proceeded against Henry C. Parks, Sr., as defendant, and Mrs. Henry C. Parks, Sr., as having nothing further to do with the matter. Perhaps the proper procedure would have been for counsel for the movants in representing Mrs. Henry C. Parks, Sr., at the beginning of the trial, or certainly at the conclusion of the evidence, to have had the record show that no verdict or judgment should be taken against Mrs. Henry C. Parks, Sr. We have no hesitancy in concluding that the judge and the jury did not consider the action throughout the trial as intending to hold Mrs. Henry C. Parks, Sr., liable. In this connection we might call attention to the fact that the court in the course of its charge to the jury stated: "If you believe from the evidence in this case that the defendant, Mr. Parks, Sr., bought the car and paid for it and it is his property, then it would be your duty to write a verdict for the defendant. In that event, the form of your verdict would be 'We, the jury, find for the defendant.' "

We might with propriety in this connection call attention to *Beaver* v. *Magid*, 56 *Ga. App.* 272, 279 (192 S. E. 497) wherein this court said: "Verdicts are to have a reasonable intendment, . . . and are not to be avoided unless from necessity. Civil Code (1910), § 5927 [Code of 1933, § 110-105]. 'Verdicts "should be construed so as to stand if practicable." *Mayor &c. of Macon* v. *Harris*, 75 *Ga.* 761 (10). "The presumptions are in favor of the validity of the verdict of a jury." *Southern Railway Co.* v. *Oliver*, 1 *Ga. App.* 734 (5) (58 S. E. 244). Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it and one of which would defeat it, it "will not on this account be set aside, but will be given a construction which will uphold it." *Atlantic & Birmingham Ry. Co.* v. *Brown*, 129 *Ga.* 622 (4) (59 S. E. 278).' *David* v. *Marbut-Williams Lumber Co.*, 32 *Ga. App.* 157, 159 (122 S. E. 906)."

This court, on writ of error, has the authority to so mould its findings and judgments as to see that the demands of justice have been met. It may render such a judgment as meets the requirements both of the law and of justice and thereby end useless litigation. Code § 24-3901 (2) provides that this court has the power "To hear and determine all causes, civil and criminal,

that may come before it, and to grant judgments of affirmance or reversal, or any other order, direction, or decree required therein, and, if necessary, to make a final disposition of the cause, but in the manner prescribed elsewhere in this Code." Under this section the Court of Appeals has the power to direct that a verdict and judgment be so amended as to meet the ends of justice and comply with the law. See *Brown* v. *Sutton,* 142 *Ga.* 781 (83 S. E. 790). The court may make final disposition of the case and give such directions as are consistent with the law and justice applicable to the cause and as will prevent unnecessary protraction of litigation. See *Robinson* v. *Wilkins,* 74 *Ga.* 47 (b); *Central R. & Bkg. Co.* v. *Kent,* 91 *Ga.* 687, 692 (18 S. E. 850), and citations. See also Code (Ann.) § 2-3708; Code § 6-1610; *Ross* v. *Rambo,* 195 *Ga.* 100 (23 S. E. 2d 687). *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722 (64 S. E. 312) holds: "The Court of Appeals is clothed with power to direct any order necessary for the proper adjudication of a cause. It may give any direction to a cause pending in the court below which may be consistent with the law and justice of the case, including the power of directing a specific, final disposition of the case." See cases cited at p. 725.

This case is not like a tort action against two or more joint tortfeasors, where there is a judgment against all, and the evidence does not authorize a judgment against one of them. We might add in this connection and before concluding the opinion as to the general grounds, that if an execution was issued against Mrs. Henry C. Parks, Sr., and placed on the general execution docket, under this record it would be void, and no doubt the trial court will see to it that the clerk of that court will by proper order let the execution docket show that such execution against Mrs. Henry C. Parks, Sr., is void. We find no merit in the general grounds.

■ Special grounds 1 and 2: Counsel for both the plaintiff and the defendants deal with these grounds together. We will do likewise. Special ground 1 assigns error on the following excerpt from the charge of the court: "Now then, the plaintiff says she is not asking for any hire of the car, but is merely asking for a verdict for the car, or its value, and for attorney's fees. She has elected, which she had the right to do, to ask either for the

property itself or for its market value; she has elected instead of asking for the car itself, for a verdict for its value and its . . . highest proven value with interest at 7% since the date of the conversion."

It is contended that this charge is not sound as an abstract principle of law, because under the law the plaintiff elected to take a verdict for the highest proven value of the car after the date of the conversion and she is not entitled to recover any interest, and also because the excerpt was prejudicial to the movants' cause in view of the verdict returned by the jury, as follows: "We, the jury, find in favor of Mrs. Henry C. Parks, Jr., the sum of $1,000.00 including interest and attorneys' fees." It is also contended that the foregoing excerpt from the charge was erroneous, in view of the following excerpt: "I charge you that in trover cases, in estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial."

Special ground 2 contends that the above-quoted verdict is an illegal one for the reason that the plaintiff had elected to take a verdict for the highest proven value between the date of the conversion and the date of the trial. It is alleged that this election is shown by the following excerpt from the charge: "She has elected, instead of asking for the car itself, for a verdict for its value and its highest proven value with interest at 7% since the date of conversion."

The movants further contend that the verdict quoted above and the judgment based thereon, to wit: "Whereupon it is considered, adjudged and decreed that the plaintiff have judgment against defendants for $1,000.00 with interest from date at 7% per annum and $_____ costs of this suit," are illegal. It is contended that there is no evidence in the record to warrant the verdict against Mrs. Henry C. Parks, Sr., and that the verdict does not specify which defendant is being held liable for the amount, since the judgment is against "the defendants," both Henry C. Parks, Sr., and Mrs. Henry C. Parks, Sr. It is contended that, since there is no evidence in this record that Mrs. Henry C. Parks, Sr., ever had possession of the car in question, or that she ever claimed title to the car, a verdict and judgment against her is illegal and a new trial should be granted

by this court. We construe the verdict to mean that it was in favor of the plaintiff against the defendant Henry C. Parks, Sr. We have dealt with this phase of the case in division 1 of this opinion—to the effect that the judgment by adding the letter "s" to the word "defendant" included Mrs. Henry C. Parks, Sr., was erroneous—and we have suggested that the court protect Mrs. Henry C. Parks, Sr., in this respect, if necessary, by a proper order.

So far as the next question involved in these two special grounds is concerned—regarding the interest included in the verdict and judgment—it is well settled that, where the plaintiff elects to take the highest proven value of the personal property from the date of the conversion to the date of the trial, no interest or hire may be recovered. In the instant case, however, the plaintiff did not elect, so far as this record shows, to take the highest proven value of the car in question from the date of the conversion to the date of the trial, and she introduced no evidence to that effect. The only evidence she introduced was the value of the car at the time of its conversion. The court erroneously stated to the jury that the plaintiff had so elected. But we do not think that this action by the court could have injured the defendant, Henry C. Parks, Sr., when the charge is considered as a whole in view of the evidence and the pleadings. Since all the evidence introduced by the plaintiff was in regard to the value of the car at the time of its conversion, and since there is no evidence in the record from any source to show the highest proven value of the car from the date of the conversion to the date of the trial, the plaintiff was entitled, under the law and under the record in this case, to recover interest from the date of the conversion. See cases cited by counsel for the movants as follows: *Payne* v. *American Agricultural &c. Co.*, 66 *Ga. App.* 596 (18 S. E. 2d 635); *Jaques* v. *Stewart*, 81 *Ga.* 81 (6 S. E. 815); *Langdale* v. *Bowden & Co.*, 139 *Ga.* 324 (77 S. E. 172). See also cases cited by the plaintiff as follows: *Jaques* v. *Stewart*, supra; *Dunn* v. *Young*, 22 *Ga. App.* 17 (95 S. E. 374); *Beaver* v. *Magid*, supra; and *Tuller* v. *Carter*, 59 *Ga.* 395. We find no reversible error in these two special grounds.

■ Special grounds 3 and 4 deal with the verdict of the jury, that "We, the jury, find in favor of Mrs. Henry C. Parks, Jr.,

the sum of $1,000.00 including interest and attorneys' fees," and the charge of the court that the jury was authorized to render such a verdict, viz.: "And if you find for the plaintiff and find that the defendants have been stubborn and litigious, then you'd be authorized to write a verdict for attorneys' fees, whatever amount you think would be reasonable and just." It is contended that this charge is error because it was not authorized against either of the defendants, and particularly not against Mrs. Henry C. Parks, Sr. We agree, for the reasons above stated, that no judgment of any sort should have been rendered against Mrs. Henry C. Parks, Sr.

It is true that the judge should have included in his charge that the jury should have found that the defendant, Henry C. Parks, Sr., was acting in bad faith in taking and keeping this car. This would have made the instructions clearer. However, the jury was amply authorized to find that Henry C. Parks, Sr., had been stubbornly litigious. By the provisions of Code § 20-1404, under which this instruction was given, "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." The proof of any one of these three is sufficient. Attorneys' fees are included in the verdict.

The provisions of Code § 20-1404 are applicable to torts. See *Traders Insurance Co. v. Mann,* 118 *Ga.* 381 (45 S. E. 426), and cases cited. The question as to whether or not a plaintiff in a particular case is entitled to recover expenses of litigation is solely a matter for the jury to determine from the evidence. See *Patterson & Co. v. Peterson,* 15 *Ga. App.* 680 (4) (84 S. E. 163). There was evidence to authorize a finding by the jury that the defendant, Henry C. Parks, Sr., had not acted in good faith in this transaction, that he knew the car belonged to his son, Henry C. Parks, Jr., when he surreptitiously converted it at the time of the funeral and then sold it, rendering it impossible for his daughter-in-law, the plaintiff, to get the car back. And there was evidence from which the jury was justified in finding that the plaintiff's husband paid cash for the car, and this Henry C. Parks, Sr., well knew; and that he did not intend for the plaintiff

to have the car, saying that he was concerned that same might "upset" her.

The defendant forced this girl, a widow after only a brief married life, to resort to the courts to get that to which she was legally entitled, and the verdict of the jury was a general one for $1,000, including interest and the attorneys' fees. The recovery of damages in such a case is a general one, and the amount allowed for attorneys' fees is not set out. The plaintiff did not recover even the amount she claimed the car was worth when the defendant, Henry C. Parks, Sr., took possession of it at the funeral. The amount allowed as attorneys' fees was not large, unless the jury placed an extremely and unreasonably low figure on the value of the car. This court is of the opinion that the verdict of $1,000 should not be set aside on the ground that there was no specific prayer for any sum as attorneys' fees, or because there was no testimony on her part as to the amount of "reasonable attorneys' fees in the premises." The attorneys' fees are a part of the general damages allowed—the damages for the loss of the car, for which Henry C. Parks, Sr., was found liable. The amount of attorneys' fees was considered by the jury in estimating the amount of the verdict here, just as are loss of time, medical-treatment costs, pain and suffering, etc., considered in a tort action for personal injuries. Attorneys' fees were allowable by law, and the jury were so instructed.

Furthermore, as stated, the amount of the verdict did not exceed the actual value of the car at the time of its conversion. In fact, the amount was nearly $300 less than its value, the verdict being for only $1,000. Under the facts of this case, our opinion here is not in conflict with *West* v. *Haas*, 191 *Ga.* 569 (13 S. E. 2d 376), *Traders Insurance Co.* v. *Mann*, supra, *Smith* v. *Dudley*, 69 *Ga.* 78, or *Central Ga. Power Co.* v. *Cornwell*, 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880). For those who wish to pursue the question now under consideration further, we call attention to *Allen* v. *Harris*, 113 *Ga.* 107 (38 S. E. 322); *Carithers* v. *Maddox*, 80 *Ga. App.* 230 (55 S. E. 2d 775); *State Mutual Ins. Co.* v. *McJenkin Ins. & Realty Co.*, 86 *Ga. App.* 442 (71 S. E. 2d 670); *Grant* v. *Hart*, 197 *Ga.* 662 (30 S. E. 2d 271); *Atlanta Journal Co.* v. *Doyal*, 82 *Ga. App.* 321 (60 S. E. 2d 802); *Ocean Steamship Co.* v. *Williams*, 69 *Ga.* 251; *Sapp* v. *Howe*, 79 *Ga. App.* 1 (52 S. E. 2d 571).

In conclusion, we might add that under this record the jury dealt very generously with the defendant in the amount of its judgment. There is no merit in the special grounds.

The court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*