36262. HAYES *v.* O'SHIELD BUICK, INC.

178

DECIDED JULY 11, 1956.

*Wm. T. Dean,* for plaintiff in error.

*Vaughn & Barksdale, C. R. Vaughn, Jr.,* contra.

TOWNSEND, J. ■ Headnote 1 needs no elaboration.

■ The exception to the striking of certain paragraphs of the answer will be considered in connection with special ground 7 of the amended motion for a new trial assigning error on the following portion of the charge: "Now, gentlemen of the jury, you will have these papers out with you, and in these papers I charge you that the court has stricken from your consideration in the defendant's plea and answer and cross-bill paragraphs 4 through 12 inclusive, and you are to disregard these paragraphs altogether. Likewise, the cross-bill for damages by the defendant has been stricken and you are to disregard that."

Unless there are exceptional circumstances involving some special equity, as the nonresidence or insolvency of the plaintiff (*Youngblood* v. *Armour Fertilizer Works,* 23 *Ga. App.* 731 (2), 99 S. E. 314), a counter-claim is not proper against a trover action. Code § 107-102 limits recoupment in trover to suits brought to recover personal property by a vendor retaining title

against a defaulting vendee. *Powers* v. *Wren,* 198 *Ga.* 316 (1) (31 S. E. 2d 713). The present trover action does not involve property purchased from the plaintiff by the defendant, but other property which was temporarily substituted for the original subject matter of the sale. Nonresidence of the plaintiff in the defendant's county of residence is not a sufficient ground for equitable intervention. *Harden* v. *Lang,* 110 *Ga.* 392, 398 (36 S. E. 100). Both parties agree that the defendant left his 1950 Buick with the plaintiff for repairs and was loaned the 1951 Buick in its place. The plaintiff and his agent testified that the defendant's car was repaired and ready for him and demand was made for the loan, which demand was refused. The defendant denied that his car was repaired and denied that the 1950 Buick was demanded back. To summarize: (a) the court properly struck those paragraphs of the defendant's answer seeking recoupment and damages against the plaintiff; (b) the court properly instructed the jury, as to these portions of the pleading, that the jury should disregard them; (c) however, paragraphs 4, 5, 6, 7 and 8 should not have been stricken with the other matter, since these paragraphs set out the defendant's contention that he was not guilty of a conversion, and the facts on which this contention is predicated. The ground of demurrer was itself defective in that it sought, in a single ground, to strike matter which was objectionable and matter which was not objectionable, but since no recoupment could be had and evidence tending to sustain a cross-action would be inadmissible in any event, and since the demurrer only prays that the paragraphs be stricken "insofar as defendant seeks to recover by way of cross-action," the only error in the rulings on pleadings and the charge on pleadings is in eliminating from jury consideration the contentions set out in paragraphs 4 through 8 as constituting a defense to the action. As to this matter, evidence was admitted without objection, for which reason the error should perhaps be considered harmless. Since, however, the case must be tried again for another reason, the ruling here is to the effect that those paragraphs of the answer alleging matter of defense going to show that no conversion resulted from the acts of the defendant were not demurrable, but the defendant is not entitled to plead or prove such matter for the purpose of recouping damages against the plaintiff

resulting from an alleged breach of contract which led up to the situation upon which the trover action is itself predicated.

■ Special ground 8 of the amended motion for new trial complains that the court erred in charging the jury as follows: "In this case, the plaintiff has elected to take a money verdict. So if the jury believes that the plaintiff is entitled to recover, he would be entitled to recover the highest proved value of the automobile from the date of conversion to this date of the trial. If the jury were to further believe that the plaintiff was entitled to recover, then the jury would be authorized to if they see fit award a reasonable sum as rental value for the car while in the possession of Mr. Hayes after a demand was made upon him for the return of the car."

Code § 107-105 provides as follows: "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Code § 107-103 provides: "In estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial." In *Langdale* v. *J. H. Bowden & Co.*, 139 *Ga.* 324 (2) (77 S. E. 172), it is stated: "In an action to recover personal property, usually termed trover, under the statute, the plaintiff is not entitled to recover both the highest proved value at any time between the conversion and the trial and also hire. A charge that he can so recover is erroneous. *Jaques* v. *Stewart*, 81 *Ga.* 81 (6 S. E. 815)." Accordingly, the charge of the court that the plaintiff might recover the highest proved value between the date of conversion and the date of trial, *plus* hire is error requiring reversal. Counsel for the defendant in error contend that the error was harmless because the jury did in fact return a verdict for a value which was in fact lower than that testified by the plaintiff to have been the value of the car at the time of the conversion. Since, however, juries are not absolutely bound by testimony as to market value and may reach an independent conclusion as to value from data in evidence before them, such as the cost of the articles, their quality, and the like (Code § 38-1709;

*Great American Co-Op. Fire Assn.* v. *Jenkins,* 11 *Ga. App.* 784 (5), 76 S. E. 159; *Bonds* v. *Brown,* 113 *Ga.* 451 (2), 66 S. E. 156), it cannot be said that the charge was necessarily harmless. The defendant testified as to repairs and improvements made on the car after it was turned over to him. The jury was given erroneous instructions as to how to determine a matter which is almost entirely within its discretion, one of the few occasions in which a jury may consider not only evidence but their own knowledge and experience in arriving at a result, and in such case it is of vital importance that it be correctly instructed in the proper factors to consider in arriving at an amount. Errors in the charge are presumptively harmful, and it can not be said that this one was harmless to the defendant.

The trial court erred in striking certain paragraphs from the answer and correctly struck other paragraphs therefrom. The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*