41746. BIRDWELL v. PIPPEN.

SUBMITTED JANUARY 11, 1966—DECIDED JANUARY 19, 1966—
REHEARING DENIED FEBRUARY 25, 1966.

*Sullivan, Herndon & Smith, Richard H. Herndon,* for appellant.
*Morris & Morris, Archie L. Morris,* for appellee.

JORDAN, Judge. This was an action for damages brought by

Ruby Birdwell against W. J. Pippen, Jr. in the Municipal Court of Savannah. The defendant filed an answer and cross action against the plaintiff and the case proceeded to trial before the court without the intervention of a jury. At the conclusion of the evidence for both sides, the plaintiff made an oral motion to dismiss the defendant's cross action. This motion was denied and the court thereafter entered a judgment against the plaintiff and for the defendant on his cross action in the amount of $224.44. The plaintiff then filed a notice of appeal, reciting in part that, "Plaintiff hereby appeals to the Court of Appeals of Georgia from the ruling of the court overruling plaintiff's motion to dismiss the defendant's counter claim," the final judgment subsequently entered in behalf of the defendant not being appealed from in the notice. The appellant has filed an enumeration of error in this court assigning error on the "failure of the trial court to dismiss the appellee's counter claim in accordance with the appellant's timely motion."

1. Section 1(a) of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701(a)) provides that appeals may be taken from a final judgment or one which would have been final if it had been rendered as claimed for by the appellant and from certain interlocutory orders specifically enumerated. The order of court overruling the plaintiff's oral motion to dismiss the defendant's cross action, which is the judgment appealed from in this case in the notice of appeal filed by the appellant, was neither a final judgment nor one which would have been final if entered as contended for by the plaintiff (*Dove v. Maxwell*, 184 Ga. 460 (1) (191 SE 916); *Sundy v. Allgood*, 93 Ga. App. 741 (92 SE2d 726)), and was not a judgment otherwise appealable under the express terms of Sec. 1(a) of the Appellate Practice Act of 1965.

Nor is the order appealed from reviewable under Sec. 1(b) of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701(b)). This section specifically provides that other rulings, orders and judgments which are not themselves appealable are reviewable only when an appeal is taken from an appealable judgment as provided in Section 1(a) of the Act. The fact that a final judgment had been entered in this case

in the court below is therefore immaterial since no appeal was taken from such judgment as required by Sec. 1(a,b) of this Act in order to allow review of such final judgment or of an antecedent order entered in the case.

2. Section 4 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 20; *Code Ann.* § 6-802) provides that a notice of appeal must contain "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal"; and Section 5 of the Act (Ga. L. 1965, pp. 18, 21; *Code Ann.* § 6-803), provides that the notice of appeal shall be filed within 30 days after entry of the "appealable decision or judgment complained of."

Since the record in this case discloses that no notice of appeal has been filed from an appealable judgment, this court is without jurisdiction to review the enumeration of error and the appeal must be dismissed as authorized by Sec. 13(b) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 29; *Code Ann.* § 6-809), which provides, among other grounds, for the dismissal of an appeal for failure to file notice of appeal within the time required under the Act, and for the dismissal of an appeal where the judgment complained of is not appealable.

3. It is also noted that the notice of appeal was not served upon the appellee's attorney in person or by certified mail as required by Sec. 18(a) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31; *Code Ann.* § 6-902), the certificate showing only service by ordinary mail. However, such failure is insufficient within itself to work a dismissal, since under Sec. 13 (a) of the Act (Ga. L. 1965, pp. 18, 29; *Code Ann.* § 6-809), this court could require that service be perfected in . the manner prescribed by the law.

*Appeal dismissed. Bell, P. J., and Eberhardt, J., concur.*