43273. LLOYD INDUSTRIES, INC. v. O'NEAL STEEL, INC.

JORDAN, Presiding Judge. The appellee has moved to dismiss this appeal from an order of the trial court dated September 8, 1967. This order, declaring the intention of the court to conduct further proceedings in this case under the new Civil Practice Act (see Ga. L. 1966, pp. 609, 671; 1967, p. 8; 1967, pp. 226, 250; *Code Ann.* § 81A-186) and declining to rule on renewed general demurrers, which he declared to be moot, is not a final judgment, i.e., where the cause is no longer pending in the lower court, nor is it a judgment which would have been final if it had been rendered otherwise, or a judgment otherwise appealable under the provisions of § 1 of the Appellate Practice Act. Ga. L. 1965, p. 18 (*Code Ann.* § 6-701). See *Birdwell v. Pippen,* 113 Ga. App. 202 (147 SE2d 673); *LeCraw v. L. P. D., Inc.,* 114 Ga. App. 281 (150 SE2d 927). Accordingly, this court is without jurisdiction to review the enumerated errors.

*Appeal dismissed. Felton, C. J., Bell, P. J., Hall, Eberhardt, Deen and Quillian, JJ., concur. Pannell and Whitman, JJ., dissent.*

ARGUED JANUARY 5, 1968—DECIDED FEBRUARY 27, 1968.

*Robert Paul Leiter, Myles S. Boothe,* for appellant.

*Maley & Crowe, D. Freeman Hutton,* for appellee.

PANNELL, Judge, dissenting. On May 19, 1967, a general demurrer was sustained to the petition and plaintiff was granted 15 days in which to amend. An amendment was allowed and ordered filed "subject to objection and demurrers" within the 15 days and on May 31, 1967, and on the same day the general demurrers were renewed to the petition as amended and general demurrers were also filed to the amendment itself. On September 8, 1967, the court entered the following order: "Demurrers in the above styled case having been filed prior to September 1, 1967, the court does hereby enter the following order. It appearing to the court that proceedings in this action should be governed by pleadings under the Civil Practice Act and it further appearing that the application of the Act to the action under consideration is feasible and will not work an injustice, it is

not necessary for the court to pass upon the renewed general demurrers.

"It is therefore ordered, adjudged and decreed that the renewed general demurrers filed to the action are moot and the action shall be governed by the pleading and practice under the Civil Practice Act. See Code Section 81A-186."

In my opinion this order is equivalent to overruling the general demurrer to the petition and is an appealable order under Section 1 (a) 2 of the Appellate Practice Act of 1965.

In my opinion the merits of the appeal should be passed upon.

WHITMAN, Judge, dissenting. I dissent from the majority opinion dismissing the appeal. I would reverse the judgment of the trial court with direction.

The Georgia Civil Practice Act became effective September 1, 1967, and provides it "shall govern all proceedings in actions brought after it takes effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in a particular action pending when this Title takes effect would not be feasible or would work injustice, in which event the former procedure applies." *Code Ann.* § 81A-186. The action in the case sub judice and the demurrers were pending in the court below prior to the effective date of the Act, and the order on the demurrers was entered thereon on September 8, 1967, after the effective date of the Act. In that order it was recited the proceedings should be governed by pleadings under the Civil Practice Act, and that the application of the Act to the action was feasible and could not work an injustice and, therefore, it was not necessary for the court to pass upon the renewed general demurrers, and by said order the court adjudicated that the renewed general demurrers filed to the action "are moot and the action shall be governed by the pleading and practice under the Civil Practice Act."

*Code Ann.* § 81A-186 being the same as Federal Rule 86, the Georgia rule may be considered in the light of Federal court cases construing the Federal rule. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442) and cases cited.

By Section 7 (c) of the Georgia Civil Practice Act demurrers are abolished and demurrers for insufficiency of a pleading shall

not be used. Ga. L. 1966, pp. 609, 619, *Code Ann.* § 81A-107 (c). This section doubtless refers to demurrers in actions brought, after the effective date of the Act but, of course, should be construed in connection with Sec. 86 of the Act as amended, which also relates to actions pending on the effective date of the Act. The phrase "in the opinion of the court" in Sec. 86 means that the court must exercise a legal discretion in determining that the application of the new rules provided by the Act would not be feasible or would work injustice in the pending action, in which event the former procedure would apply. Doyle v. Loring, 107 F2d 337, 340 (CCA 6th). See also Ingravallo v. Pool Shipping Co., 247 FSupp. 394, 399. The court must specifically find that the application of the new rules to a proceeding, whether brought prior to the effective date of the rules or thereafter, would be unjust for one complaining of their application to raise the question on appeal. John R. Alley & Co. v. Federal National Bank, 124 F2d 995 (8), 999 (CCA 10th), citing Automobile Ins. Co. v. Springfield Dyeing Co., 109 F2d 533 (CCA 3rd). The finding of the court does not consist merely in an arbitrary or absolute adjudication without an exercise of legal discretion.

Under the procedure obtaining prior to the enactment of the Civil Practice Act there was no difference in legal effect between a demurrer so designated and an oral or written motion to dismiss a case on the ground that the petition or complaint set forth no cause of action. *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 234 (104 SE2d 208). And under the Federal practice rule a motion to dismiss merely displaced a demurrer as such and is the substitute and essentially the same as a demurrer. McConville v. District of Columbia, 26 FSupp. 295 (DC-DC); United States v. American Radiator &c. Corp., 115 FSupp. 422 (DC Minn.) and United States v. Geisler, 174 F2d 992 (CCA 7th).

Under the Civil Practice Act, Sec. 12 (b) (6) (Ga. L. 1966, pp. 609, 623; *Code Ann.* § 81A-112); provision is made for defense in law by motion in writing for failure to state a claim upon which relief can be granted. This is equivalent to a claim of no cause of action. By this section it is also provided that if on such a motion matters outside the pleadings are presented to and

not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as otherwise provided. In the case sub judice no matter outside the pleadings is presented.

Under the Civil Practice Act, provision is made for the filing of a motion to dismiss, notice of hearing and for hearing on the motion pursuant to notice or as otherwise provided by the court. In this connection see *Code Ann.* §§ 81A-106 (d), 81A-107 (b) (1), 81A-319, 81A-320, 81A-178.

Pretermitting ruling on the question whether the recital in the order of the trial court that "the application of the Act to the action under consideration is feasible and will not work an injustice" was the equivalent of the opinion of the court contemplated by the Act or ruling on the question of the necessity of such opinion where without such opinion the Civil Practice Act would apply, the court is of the opinion that in view of the order of the trial court opportunity should have been afforded by said order to the appellant-demurrant to file, if desired, motion to dismiss plaintiff's petition on account of its alleged failure to state a claim upon which the relief prayed could be granted, or without prejudice to have afforded by said order relief under the provisions of Section 81A-112 (d) and (h) of said Act.

I would reverse the order and judgment of the trial court with direction that the demurrer or equivalent motion to dismiss under the Civil Practice Act be heard and determined on the merits, having regard to the fact that either procedure seeks the same relief as the other, and also that the Civil Practice Act is intended, as stated in Sec. 81A-101, "to secure the just, *speedy, and inexpensive determination* of every action." See *Finley v. Southern R. Co.*, 5 Ga. App. 722, 724 (64 SE 312) ; *Parks v. Parks*, 89 Ga. App. 725, 729 (80 SE2d 837).