A00A1169. WALKER et al. v. CRANE et al.
(534 SE2d 520)

ELDRIDGE, Judge.

E. H. and Donna Walker owned a 1983 International Tractor truck and a Phelan Low Boy trailer, which were stolen on November 8, 1994. They sued Steve C. Treske, as the Administrator of the Estate of Amber Charles Crane, Sr., d/b/a Crane Boys Wrecker Service, for hauling the truck and trailer into his wrecker yard without notifying either them or the police. The issue raised is whether a

wrecker service which pulls and stores a vehicle in good faith belief that the owner is known can be liable for conversion. The answer is no. Pretermitting that there was no conversion, the defendant has shown on motion that the Walkers cannot prove damages.

In November 1994, prior to Thanksgiving, three males took the truck and trailer to Dillard L. Gabriel's business at 4085 Thurmond Road, Forest Park, and tried to sell it to him, but they did not have a title, which they said was in Alabama. Gabriel told them to get the title, and they asked to leave the truck and trailer. He allowed them to leave it at a different location on Highway 19/41. After the truck had been there approximately one month, Gabriel had Crane Boys Wrecker haul the truck and trailer to their wrecker yard. We find that the defendant acted in good faith in handling and storing the vehicle without notice and that there was no evidence to show that the defendant was the proximate cause of the physical damage to the truck or any other recoverable damages.

The evidence was that, at the time that the truck came into the possession of Crane Boys Wrecker, the dash had been ripped out, mirrors had been broken or torn off, and the radio was missing. The evidence was that the truck remained behind a security fence with security dogs and the Cranes lived on the premises so that no one could get in to steal from the vehicles.

While Crane had the vehicle from early December 1994 until his death on January 5, 1995, he believed that Gabriel was waiting to buy the truck as soon as Gabriel got the title from Alabama. Not believing that the vehicle was stolen or that the owner was unknown, Crane did not include the vehicle on the list of vehicles submitted to the Clayton County Police Department. After Crane's death, in April or early May 1995, the estate located the owner of the vehicle and returned the vehicle and trailer to the Walkers.

The Walkers argue two issues in their enumerations of error that are reciprocal issues governed by the same law, i.e., that the trial court erred in granting summary judgment to the Crane Estate and in denying summary judgment to them. We affirm.

1. Under OCGA § 40-11-1 (1) (A), both Gabriel and Crane believed in good faith that the men in possession of the truck and trailer either were the owners or had lawful possession and had left the vehicle on Gabriel's property for 30 days without reclaiming it. The conditions of Ga. L. 1993, p. 772, § 1 (OCGA § 40-11-2 (b) in 1994) read:

Any person who removes a motor vehicle from private property at the request of the property owner or stores such vehicle shall, *if the owner of the vehicle is unknown,* notify in writing a local law enforcement agency of the location of the

vehicle, the manufacturer's vehicle identification number, license number, model, year, and make of the vehicle within 72 hours of the removal of such vehicle and shall seek from the local law enforcement agency the identity and address of the last known registered owner of such vehicle, the owner of the vehicle as recorded on the title, and any security interest holder or lienholder and any information indicating that such vehicle is a stolen motor vehicle. The local law enforcement agency shall furnish such information to the person removing such vehicle within 72 hours after receipt of such request.

(Emphasis supplied.) Thus, the plain and unambiguous language of the applicable statute at that time was that such duty did not apply when the owner or purported owner was known. Under OCGA § 1-3-1 (c), substantial compliance with statutory requirements shall be deemed sufficient.

Therefore, a good faith belief that the truck and trailer were left on Gabriel's property by the known owner exempts Crane from compliance, even though such persons actually stole the vehicle. Ga. L. 1998, pp. 1305, 1306, § 1, amended OCGA § 40-11-2 (b) by substituting the phrase "if the owner of the vehicle or some person acting for the owner is not present," so that the notification process now must be followed, even when the owner is known but not present. This change indicates that the General Assembly wished to give the statute a narrower exception but would still include in such exception a present purported owner, if the wrecker service could in good faith rely upon such representations.

2. The Walkers seek damages for the vandalism of their truck and for conversion. However, the evidence shows that any vandalism to the truck had occurred prior to Crane's possession and that while in his possession no vandalism occurred. The Walkers introduced no evidence to create a factual dispute as to this. See OCGA § 9-11-56 (e). Further, after the defendant on summary judgment showed that the Walkers could not establish at trial the fair market value of the damaged truck at the time of the alleged conversion, the Walkers failed to come forward with some evidence to create a factual issue as to damages at trial. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Further, the truck and trailer were returned to the Walkers in May 1995. They introduced no evidence to show that they were entitled to any damages where the allegedly converted property was returned to the owner. See *Lau's Corp. v. Haskins*, supra. In an action for conversion under OCGA § 44-12-151, the Walkers could: (1) receive an alternative verdict for the property or its value at the time

of conversion; (2) demand a verdict for the damages alone; or (3) obtain the return of the property alone and any loss of hire and diminution in value. By the return of the property, the Walkers were precluded from the recovery of damages other than loss of hire and diminution in value between conversion and return of the property. OCGA § 44-12-152; *Campbell v. Bausch*, 195 Ga. App. 791, 792 (1) (395 SE2d 267) (1990).

The Walkers can recover only the highest fair market value of the property after conversion and prior to trial; therefore, the Walkers had to be able to prove fair market value of the property when it came into Crane's possession in December 1994 in a damaged state, which Crane proved that they could not show. OCGA § 44-12-152; *Woodham v. Cash*, 15 Ga. App. 674, 676 (84 SE 142) (1915). However, loss of hire and diminution in value combined cannot exceed the fair market value of the personalty. *Firestone Tire &c. Co. v. Jackson Transp. Co.*, 126 Ga. App. 471, 476-478 (2) (191 SE2d 110) (1972); see also *Ga. R. &c. Co. v. Wallace & Co.*, 122 Ga. 547, 551-552 (4) (50 SE 478) (1905); *Atlanta Cotton-Seed Oil Mills Co. v. Coffey*, 80 Ga. 145, 150 (5) (4 SE 759) (1887). While Mr. Walker testified that, as of the theft on November 8, 1994, the fair market value of the truck was $13,000 and trailer $6,000, totaling $19,000, and upon return the property brought only $10,700, there was no evidence of value of the property in December 1994 when the property came into Crane's possession and after the vandalism by the thieves, which would have reduced the fair market value. Absent such evidence of the fair market value in December 1994, summary judgment was appropriate, because the undisputed evidence of the defendant does not create a disputed issue of fact as to damages at the time of the alleged conversion. See *Sykes v. Sin*, 229 Ga. App. 155, 156-158 (1) (493 SE2d 571) (1997); *Doughty v. Simpson*, 190 Ga. App. 718, 722 (3) (380 SE2d 57) (1989). Further, the fair market value and the loss of hire both cannot be recovered. *Hayes v. O'Shield Buick*, 94 Ga. App. 177, 181-182 (3) (94 SE2d 44) (1956).

The Walkers could not recover for loss of profits caused by the inability to take jobs when there was no means to transport the equipment because, generally, expected profits of a commercial business are too uncertain and speculative to afford a basis for damages. *Palmer v. Atlantic Ice &c. Corp.*, 178 Ga. 405, hn. 2 (173 SE 424) (1934); *Norris v. Pig'n Whistle Sandwich Shop*, 79 Ga. App. 369, 373 (1) (53 SE2d 718) (1949). The exception to such rule has not been shown in this case where the type of business and history of profits make the calculation of profits reasonably ascertainable. *Claxton Poultry Co. v. City of Claxton*, 155 Ga. App. 308, 313-314 (4) (271 SE2d 227) (1980).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 5, 2000.

*Zachary & Segraves, Rick S. Sexton,* for appellants.
*Stephen E. Boswell,* for appellees.