36843. MOTELS, INC., *et al. v.* SHADRICK *et al.*

CARLISLE, J. The defendant in this case filed general and special demurrers to the plaintiffs' petition as amended, the same being an action to recover under an alleged oral contract of employment. The trial court entered an order overruling the general demurrer and sustaining the special demurrers to 4 paragraphs of the petition and allowing the plaintiff 10 days within which to amend the petition to meet the demands of

the special demurrers. The defendant tendered to the trial judge and had certified a bill of exceptions assigning error on the overruling of the general demurrer and on the overruling of the other special demurrers. It does not appear from the record certified and transmitted to this court that any final judgment has been entered on the demurrers after the time allowed for amendment expired. "This court will take notice of its own lack of jurisdiction and where such lack appears will dismiss the writ of error even without a motion to that effect by the defendant in error." *Personal Credit Corp.* v. *Goldwire*, 88 *Ga. App.* 125 (76 S. E. 2d 129). Under the provisions of Code § 81-1001 as amended by the act of 1952 (Ga. L. 1952, pp. 243-245) which provides in part that: "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment. Nothing herein shall be construed to abridge the right of amendment otherwise existing," the order here excepted to was not subject to exception or review; and where it does not appear from the record that the trial court has rendered a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment and where there is no assignment of error on any such subsequent order, the writ of error is premature and must be dismissed by this court. *Weinstein* v. *Rothberg*, 87 *Ga. App.* 94, 97 (73 S. E. 2d 106).

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 4, 1957.

*Vaughn Terrell,* for plaintiffs in error.
*Jean E. Johnson,* contra.