27602. M. E. B. v. STATE OF GEORGIA.

SUBMITTED DECEMBER 11, 1972 — DECIDED JANUARY 22, 1973 — REHEARING DENIED FEBRUARY 9, 1973.

*Cook & Palmour, A. Cecil Palmour,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.

GRICE, Presiding Justice. We are called upon here to determine whether the provision of the Juvenile Court Act of 1971 (Ga. L. 1971, pp. 709, 721; Code Ann. § 24A-1201) violates Art. VI, Sec. XIV, Par. VI of the Georgia Constitution (Code Ann. § 2-4906), which in essential part requires that civil cases "shall be tried in the county where the defendant resides."

The question arose when a petition was filed in the Juvenile Court of Whitfield County alleging materially that the appellant, a fifteen-year-old resident of Floyd County, was delinquent in that on June 3, 1972, he participated in an armed robbery with a named adult at a specified business establishment in Dalton, Georgia, where they took money, checks and an undetermined amount of Class A drugs.

At the adjudicatory hearing on the delinquency petition the appellant objected to the bifurcated trial under the Juvenile Court Act of 1971 (Code Ann. § 24A-1201) upon the ground that the Georgia Constitution requires that the entire trial in all criminal proceedings be in the county where the crime was allegedly committed; but that if it is a civil proceeding, then the entire trial must take place in the county where the defendant resides.

The juvenile court judge overruled this objection.

The appellant enumerates this ruling as error in appealing from the final judgment of disposition and sentence in the Juvenile Court of Floyd County, and also from all orders, judgments and rulings of the Juvenile Courts of Whitfield County and Floyd County.

The Juvenile Court Act of 1971 (Code Ann. § 24A-1101) provides in essential part that although a proceeding may be instituted in the county where the child resides, "if delinquent or unruly conduct is alleged, the proceeding may be commenced in the county in which the acts constituting the alleged delinquent or unruly conduct occurred."

The following section (Code Ann. § 24A-1201 (a)) requires in pertinent part: "If the child resides in a county of this State and the proceeding is commenced in a court of another county, the court shall, after adjudication of delinquency or unruliness, transfer the proceeding to the county of the child's residence for disposition."

This court has consistently held that proceedings in a juvenile court are civil and not criminal in nature. *Hampton v. Stevenson,* 210 Ga. 87 (1) (78 SE2d 32); *Robinson v. State,* 227 Ga. 140 (179 SE2d 248).

However, it is clear that the Juvenile Court Act of 1971 was designed and drawn so as to treat the child in a separate manner from his adult counterpart in order to protect him from a criminal record, yet at the same time to provide him with all constitutional safeguards. And it cannot be disputed that the conduct labeled as juvenile delinquency would otherwise be criminal were it not for the young age of the individual.

We conclude therefore, that the delinquency adjudication hearing provided in Code Ann. § 24A-1101 merely serves the same purpose in the civil juvenile court proceeding as an arraignment under the Criminal Code.

The adjudication proceeding is actually nothing more than a pre-trial hearing held in the county where the child was apprehended and in the custody of local authorities for committing the alleged unruly acts or delinquent behavior. If it is determined there that the child is unruly or delinquent then the proceeding is transferred for disposition to the county where he resides under Code Ann. § 24A-1201.

But it is at the dispositional hearings provided for in Code Ann. § 24A-2201 (Ga. L. 1971, pp. 709, 732) that the actual *"case"* is tried, thereby comporting with the constitutional mandate. Here the use of all information helpful in determining the questions presented is allowed, even though such evidence was not competent at the adjudicatory stage. Also the parties are afforded the opportunity to examine and controvert reports and to cross examine.

To insure due process the Act further provides for subpoenas for production of necessary witnesses and other evidence (Code Ann. § 24A-1501); the right to counsel (Code Ann. § 24A-2001); and the invalidity of a

confession without corroboration (Code Ann. § 24A-2002).

It follows that the Juvenile Court Act of 1971 in no way violates the provision of the Georgia Constitution fixing venue in civil cases. Rather it recognizes the need for flexibility without proceeding beyond the constitutional boundaries.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The errors complained of by the appellant in the motion for rehearing as to the dispositional hearing in the Juvenile Court of Floyd County were not raised in the appeal to this court. Since the sole error enumerated was the unconstitutionality of Code Ann. § 24A-1201, this court was restricted to a consideration of that issue alone.