## 48781. LOWE v. PAYNE.

Clark, Judge. "Letter-of-the-law pecksniffery" is a juridical sin. Such charge is often aimed at appellate judges who regretfully find themselves by mandate of the law required to dismiss an appeal without consideration of the merits.

In every matter coming to this court we are required to examine the record to make certain we possess jurisdiction. "[I]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Stephenson v. Futch,* 213 Ga. 247, 248 (98 SE2d 374). Even where, as here, no dismissal motion was filed by appellee, it is incumbent upon us to act ex mero motu when we lack jurisdiction. The pertinent portion of our Rule 19 codified as Code Ann. § 24-3619 provides in paragraph (d) that ". . . [W]henever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed . . . whenever and however its lack of jurisdiction may appear." In accord are *Motels, Inc. v. Shadrick,* 96 Ga. App. 464 (100 SE2d 592); *Scott v. Minnix,* 95 Ga. App. 589, 590 (98 SE2d 196) and cases cited therein.

Unless a judgment is final this court does not have the power to rule upon an appeal in the absence of a certificate from the trial

judge stating that "such order, decision or judgment is of such importance to the case that immediate review should be had." Code Ann. § 6-701 (a) (2). "A judgment which is not final, and not among those specified [in § 6-701], is appealable only where the trial judge within ten days of its entry certifies it for immediate review." *International Paper Co. v. Kight,* 230 Ga. 720 (198 SE2d 681). A dismissal of a counterclaim is not a final order. *Birdwell v. Pippen,* 113 Ga. App. 202 (147 SE2d 673); *Hood v. Akins,* 114 Ga. App. 733 (152 SE2d 704); *Nevels v. Engram,* 118 Ga. App. 644 (164 SE2d 916); *Bowman v. Berlin,* 118 Ga. App. 511 (164 SE2d 149). Accordingly, such dismissal is not appealable in the absence of such immediate review certificate. *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375); *Melton v. Grider,* 119 Ga. App. 376 (166 SE2d 915); *Kilgore v. Kennesaw Finance Co.,* 128 Ga. App. 120 (195 SE2d 799).

During appellant's effective oral argument, it was pointed out that this appeal was from a dismissal of appellant's counterclaim. Thereupon it became our bounden duty to ascertain if the requisite review certificate had been obtained from the trial court to give us jurisdiction. We have scrupulously scrutinized, scanned, and searched, followed by additional efforts in which we relentlessly reviewed, retrospected, re-examined and re-capitulated the 121 pages of record.[1] All our efforts were to no avail. We found twelve orders in the record. But the sine qua non, the statutory immediate review certificate, that would enable us to consider the validity of the dismissal of the counterclaim was nowhere to be found.

This court is naturally reluctant to dismiss any appeal. Such hesitance is increased where we have to deal with an instance such as that sub judice which represents many hours of labor on the part of any attorney. We can take solace in the fact that our dismissal does not constitute a decision upon the merits. In fact, we anticipate at some date in futuro the matter of the correctness of the dismissal of the counterclaim will be used as an enumeration of error whenever another appeal is brought to this court from a final judgment. The present appeal must stand dismissed.

---

[1]All authorities abhor an alliteration addiction which the writer himself admits to be symptomatic of that judicial disease known as "Legal Logorrhea."

*Appeal dismissed. Hall, P. J., and Evans, J., concur.*
ARGUED NOVEMBER 7, 1973 — DECIDED NOVEMBER 28, 1973.

*Wyman C. Lowe,* for appellant.
*Gilbert, Wilkerson & Hill, Fred A. Gilbert,* for appellee.