Hall, Presiding Judge.
Pursuant to Code Ann. § 24A-2201 the DeKalb County Juvenile Court on September 19, 1973 entered an order adjudicating the juvenile appellant guilty of operating a motor vehicle under the influence and, under the authority of Code Ann. § 24A-1201, transferred jurisdiction to Gwinnett County for further disposition, Gwinnett being the county of the juvenile’s residence.
The juvenile seeks to appeal this order on the ground that it constituted a final judgment appealable under Code Ann. § 6-701, or alternatively that cognizance of the appeal should be taken so that the protective purposes of the Juvenile Court Code of Georgia (Title 24A, Code of Georgia) may be effectuated. The state has moved to dismiss the appeal as premature under the authority of M. E. B. v. State of Ga., 230 Ga. 154 (195 SE2d 891), in which, considering an adjudication hearing in the county in which the juvenile was apprehended and dispositional hearing in the county of residence, the Supreme Court ruled that the dispositional hearing constituted the actual trial of the "case,” which comported with the state constitutional provisions requiring civil cases to be tried in the county of the defendant’s residence. Under the state’s theory, here the "case” has not yet been tried.
Under the reasoning of M. E. B. v. State of Ga., supra, which *725 compels our conclusion that the order entered following the adjudicatory hearing is not a final judgment appealable under Code Ann. § 6-701 but is instead merely an order entered in a pre-trial hearing similar to an arraignment, we must find the state’s motion meritorious. Appellant contends that the analogy to an arraignment is inappropriate and that what has actually occurred is that a final determination of guilt has already been made; but this question is not for our decision in light of the plain words of the Supreme Court: "We conclude therefore, that the delinquency adjudication hearing provided in Code Ann. § 24A-1101 merely serves the same purpose in the civil juvenile court proceeding as an arraignment under the Criminal Code.
Submitted January 17, 1974
Decided January 30, 1974.
Richard R. Kirby, for appellant.
Kathryn Ann Workman, Solicitor, for appellee.
"The adjudication proceeding is actually nothing more than a pretrial hearing held in the county where the child was apprehended and in the custody of local authorities for committing the alleged unruly acts or delinquent behavior. If it is determined there that the child is unruly or delinquent then the proceeding is transferred for disposition to the county where he resides under Code Ann. § 24A-1201.
"But it is at the dispositional hearings provided for in Code Ann. § 24A-2201 (Ga. L. 1971, pp. 709, 732) that the actual 'case’ is tried, thereby comporting with the constitutional mandate.” M. E. B. v. State of Ga., 230 Ga. 154, 156, supra.
There being no final judgment and no certificate of review, it follows that the appeal is premature and must be dismissed on the state’s motion. Moore v. Georgia Power Co., 122 Ga. App. 54 (176 SE2d 236); Code Ann. § 6-809 (b) (2).

Appeal dismissed.

Deen and Stolz, JJ., concur.