Stolz, Judge.
The Juvenile Court Code of Georgia provides for appeals "[i]n all cases of final judgments of a juvenile court judge.” (Emphasis supplied.) Code Ann. § 24A-3801 (Ga. L. 1971, pp. 709, 755). We find no definition of "final judgments” in this code, however § 24A-2201 (b) (Ga. L. 1971, pp. 709, 732) provides in part: "If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent or unruly, it shall proceed immediately or at a later time to conduct a dispositional hearing for the purpose of hearing evidence as to whether the child is in need of treatment, rehabilitation, or supervision and to make and file its findings thereon ... If the court finds that the *144 child is not in need of treatment, rehabilitation, or supervision, it shall dismiss the proceeding and discharge the child from any detention or other restriction theretofore ordered.” (Emphasis supplied.) Thus, until there has been a dispositional order following a dispositional hearing, it cannot be determined whether the proceeding will be dismissed and the child discharged, or whether the child will be detained for some type of disposition. If the former occurs, the appeal would be moot anyway, since the order of adjudication is not a conviction of crime resulting in any civil disqualification, which would need to be expunged from the child’s record, and only the order of disposition can be used against him, and then only in juvenile court proceedings. Code Ann. § 24A-2401 (Ga. L. 1971, pp. 709, 736). If the latter occurs, the appeal can be taken at that time. It therefore appears that an adjudication order alone is not a final, appealable judgment under the provisions of the Juvenile Court Code, nor is it made one by the provisions of Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).D. C.E. v. State of Ga., 130 Ga. App. 724 (204 SE2d 481) and cits.
Argued May 29, 1974
Decided June 17, 1974.
Driebe & McAllister, J. Dunham McAllister, for appellant.
William H. Ison, District Attorney, J. W. Bradley, for appellee.
Accordingly, the appeal in this case from the adjudication order (no dispositional hearing and order having been made at the time of the filing of the notice of appeal) was not from a final judgment and, there being no certificate for immediate review, it must be dismissed. Code Ann. § 6-809 (b 2) (Ga. L. 1965, pp. 18, 29, as amended).

Appeal dismissed. Eberhardt, P. J., and Deen, J., concur.