29287. G. W. et al. v. STATE OF GEORGIA.

NICHOLS, Presiding Justice.
Certiorari was granted in this case to review the

judgment of the Court of Appeals dismissing the appeal as not being from a final judgment, no certificate of immediate review having been obtained and the judgment not being otherwise reviewable without such certificate. The Court of Appeals relied upon the decision of this court in *M. E. B. v. State of Ga.,* 230 Ga. 154 (195 SE2d 891), and the decision of the Court of Appeals in *D. C. E. v. State of Ga.,* 130 Ga. App. 724 (204 SE2d 481) as authority for its holding.

In both cases relied upon by the Court of Appeals, it was held that an adjudicatory order is not a final judgment. In both cases custody of the juvenile was transferred to the juvenile court authorities of the county of his residence in Georgia. In the case sub judice the juveniles were shown to be nonresidents of Georgia and after the adjudicatory hearing they were ordered transferred to the juvenile court authorities of another state. Thus, this case is distinguishable on its fact from those relied upon by the Court of Appeals.

The effect of the decision of the Court of Appeals is to deny to these appellants the right of appellate review, while in the cases relied upon for its decision, the appellants there would be entitled to appellate review after the dispositional hearing was held.

"The provision of the Georgia Constitution which declares that protection to persons and property shall be impartial and complete is the equivalent of a declaration that no person shall be denied the equal protection of the laws. *Georgia R. & Bkg. Co. v. Wright,* 125 Ga. 589 (12) (54 SE 52).

"The constitutional guaranty of 'equal protection' requires that all persons be treated alike under like circumstances and conditions. *Dorsey v. City of Atlanta,* 216 Ga. 778, 781 (119 SE2d 553); Truax v. Corrigan, 257 U. S. 312 (42 SC 124, 66 LE 254); 16 AmJur2d 846, Constitutional Law, § 485. 'Equal protection is secured by a law which operates on all alike, without discrimination. See *Lamar v. Prosser,* 121 Ga. 153 (4) (48 SE 977); *Meyers v. Whittle,* 171 Ga. 509 (3) (156 SE 120).' *Garmon v. State,* 219 Ga. 575, 578 (134 SE2d 796)." *Dansby v. Dansby,* 222 Ga. 118, 121 (149 SE2d 252).

The judgment appealed from in this case was the

final judgment to be entered in the case by any court in Georgia and therefore, unlike the cases relied upon where the case was transferred to another Georgia court for final disposition, it was subject to review without a certificate authorizing immediate review.

The judgment of the Court of Appeals dismissing this appeal as premature must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 12, 1974 — DECIDED
NOVEMBER 26, 1974.

*Eric G. Kocker*, for appellants.
*W. Glenn Thomas, District Attorney*, for appellee.