### 50545. SANCHEZ v. WALKER COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

CLARK, Judge.

In the absence of a review certificate, does this court possess jurisdiction to rule upon an appeal from a juvenile court order vesting temporary legal custody of a deprived child? That question confronts us in this case of first impression under our 1971 Juvenile Court Code codified as Title 24A.

Upon receiving reports of physical abuse by a mother upon her 2 1/2 year old illegitimate son coming within the "battered child syndrome" the County Department of Family and Children Services filed a petition in the Juvenile Court of Walker County alleging N. D. M. to be "neglected and deprived." After a lengthy contested hearing the judge entered his findings of fact and ruled that the youngster was "a deprived child." (R. 28). A judgment was entered that "the temporary legal custody of N. D. M. be awarded to the Walker County Department of Children and Family Services." The instant appeal was taken from that order. Although a supersedeas was obtained, the record does not contain a certificate of review. *Held:*

1. Although there was no motion to dismiss for absence of the requisite review certificate filed by appellee it is the duty of this court to examine the record to make certain we possess jurisdiction. "[I]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Stephenson v. Futch,* 213 Ga. 247, 248 (1) (98 SE2d 374); *G. M. J. v. State of Ga.,* 130 Ga. App. 420 (203 SE2d 608). Even where, as here, no dismissal motion was filed by appellee, it is incumbent upon us to act ex mero motu when we lack jurisdiction. *Lowe v.*

*Payne,* 130 Ga. App. 337 (203 SE2d 309). The pertinent portion of our Rule 19 codified as Code Ann. § 24-3619 provides in paragraph (d) that ". . . [W]henever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed. . . whenever and however its lack of jurisdiction may appear." In accord are *Motels, Inc. v. Shadrick,* 96 Ga. App. 464 (100 SE2d 592); *Scott v. Minnix,* 95 Ga. App. 589, 590 (98 SE2d 196) and cases cited therein.

2. Unless a judgment is final this court does not have the power to rule upon an appeal in the absence of a certificate from the trial judge stating that "such order, decision or judgment is of such importance to the case that immediate review should be had." Code Ann. § 6-701 (A) (2). "A judgment which is not final, and not among those specified [in § 6-701], is appealable only where the trial judge within ten days of its entry certifies it for immediate review." *International Paper Co. v. Kight,* 230 Ga. 720 (198 SE2d 681).

3. The manner in which the juvenile court is authorized to handle a case of a child classified as "deprived" is stated in Code § 24A-2301. The judgment in the instant case for temporary legal custody was entered under the authority provided in paragraph (a) (2) (iii) of that section. This differs from the disposition of children coming within the other two categories of "delinquent" and "unruly." In using the word "temporary" in the judgment appealed from the trial judge utilized the precise language of the statute.

4. As was noted by Mercer Professor Glen W. Clark at page 415 of his informative[1] article in 7 Ga. State Bar Jour. 409, "The new [Juvenile] Code, as did the old, provides for appeal on the same basis as for adult cases in the superior court."

Professor Clark's statement was based upon the

---

[1]Professor Clark was a member of the commission which drafted our enlightened Juvenile Court Code and his article was a helpful explanation to Bench and Bar when printed in our State Bar publication shortly after enactment of the 1971 Juvenile Court Code.

provisions of § 24A-3801 that "[i]n all cases of final judgments of a juvenile court judge, appeals shall be taken to the Court of Appeals or Supreme Court of Georgia in the same manner as appeals from the superior court." In compliance with this directive the appellate courts have dismissed appeals from interlocutory juvenile court judgments in the absence of the immediate review certificate required by Code Ann. § 6-701 (a) (2). See *D. C. E. v. State of Ga.,* 130 Ga. App. 724 (204 SE2d 48); *M. K. H. v. State of Ga.,* 132 Ga. App. 143 (207 SE2d 645); *M. E. B. v. State of Ga.,* 230 Ga. 154 (195 SE2d 891). It should be noted that where adults have appealed temporary custody awards that the absence of review certificates resulted in dismissals. *Floyd v. Floyd,* 120 Ga. App. 292 (170 SE2d 310); *McKenzie v. McKenzie,* 225 Ga. 314 (168 SE2d 152).

5. Inasmuch as the instant appeal does not involve a final judgment and as the record does not contain the requisite review certificate, we are required to dismiss the appeal.

*Appeal dismissed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MAY 7, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 30, 1975 —

*Frank M. Gleason, James A. Secord,* for appellant.
*Fletcher & Watson, Joseph Dana,* for appellee.

