## 30597. SANCHEZ v. WALKER COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

NICHOLS, Chief Justice.

Certiorari was granted in this case to review the decision of the Court of Appeals in *Sanchez v. Walker County Dept. of Family & Children Services,* 135 Ga. App. 891 (219 SE2d 583) (1975) where it was held that in the absence of a certificate of immediate review the Court of Appeals did not have jurisdiction to rule upon an appeal from a juvenile court vesting temporary legal custody of a deprived child.

The Court of Appeals, in reaching the conclusion that no final adjudication of the case had been made, relied upon the language in the judgment of the juvenile court placing the child in the temporary legal custody of the Walker County Department of Family & Children Services. In support of such decision, the Court of Appeals cited the decision of this court in *M. E. B. v. State of Ga.,* 230 Ga. 154 (195 SE2d 891) (1973) and the decisions of that court in *D. C. E. v. State of Ga.,* 130 Ga. App. 724 (204 SE2d 481) (1974); and *M. K. H. v. State of Ga.,* 132 Ga. App. 143 (207 SE2d 645) (1974). In each of the cases relied upon there had been an adjudication of delinquency but no order of disposition as provided for by Code Ann. § 24A-2302. In *G. W. v. State of Ga.,* 233 Ga. 274 (210 SE2d 805) (1974), this court held that the final judgment to be entered in a juvenile court case by a juvenile court in Georgia is a final judgment and subject to review without a certificate authorizing immediate review. Chapter 24A-23 provides for the disposition of deprived, delinquent, and unruly children. Code Ann. § 24A-2701 places limitations of time on all orders of disposition and, the only order of disposition which would be absolutely final would be an order terminating parental rights. Under the decision of the Court of Appeals in this case there would be no final judgment in any juvenile court proceeding other than one under Chapter 24A-32 providing for termination of parental rights. The language in the order, following the statutory language placing "temporary legal custody" of the child in the Walker County Department of Family & Children

818

Services was a final order subject to appeal without a certificate of immediate review. Accordingly, the judgment of the Court of Appeals dismissing the appeal must be reversed.

*Judgment reversed. All the Justices concur.*

Submitted December 29, 1975 — Decided January 6, 1976.

*Frank M. Gleason, James A. Secord,* for appellant.
*Joseph F. Dana,* for appellee.