75806. IN THE INTEREST OF G. C. S.
(367 SE2d 103)

SOGNIER, Judge.

On July 22, 1987, appellant was adjudicated a delinquent in the Juvenile Court of Bibb County for trafficking in cocaine, and he filed a notice of appeal from the adjudication order. The adjudication order transferred the case to the Juvenile Court of Gwinnett County, as

Gwinnett County was appellant's place of residence. Prior to disposition appellant's parents sold their home in Gwinnett County and moved to Whitfield County; therefore, the case was transferred to the Juvenile Court of Whitfield County for disposition. No disposition of the case had been made at the time appellant filed his notice of appeal, and there is nothing in the record to indicate that the Juvenile Court of Whitfield County has held a dispositional hearing or entered a dispositional order.

OCGA § 15-11-64 provides, in pertinent part: "In all cases of final judgments of a juvenile court judge, appeals shall be taken to the Court of Appeals or the Supreme Court in the same manner as appeals from the superior court. . . ." This court has held that an adjudication order alone is not a final, appealable judgment under the provisions of the Juvenile Court Code, and absent a certificate for immediate review, the appeal must be dismissed. *M. K. H. v. State of Ga.*, 132 Ga. App. 143, 144 (207 SE2d 645) (1974). See also *Sanchez v. Walker County DFCS*, 135 Ga. App. 891, 893 (4) (219 SE2d 583) (1975). Since there is no certificate for immediate review in this case, the appeal must be dismissed.

*Appeal dismissed. Deen, P. J., and Carley, J., concur specially.*

CARLEY, Judge, concurring specially.

I concur in the majority's determination that this Court is without jurisdiction over this direct appeal and that the case must be dismissed. I would like to add that *D. C. E. v. State of Ga.*, 130 Ga. App. 724 (204 SE2d 481) (1974) is on all fours with the instant case in that in *D. C. E.*, as here, the court entering the order adjudicating the juvenile delinquent transferred the case to another county for a dispositional hearing. Compare *G. W. v. State of Ga.*, 233 Ga. 274 (210 SE2d 805) (1974) involving an adjudication of juveniles who were non-residents of the State of Georgia.

The majority concludes its opinion by stating: "Since there is no certificate for immediate review in this case, the appeal must be dismissed." While cases cited in the majority opinion and *D. C. E.*, cited in this special concurrence, do refer only to the necessity of a certificate of immediate review, the applicable Code section, OCGA § 5-6-34 (b) was amended in 1975 to require not only a certificate for immediate review entered by the trial court, but also the grant of an application for interlocutory appeal by the appellate court. Ga. Laws 1975, p. 757. Therefore, since July 1, 1975, the mere timely entry of a certificate of immediate review by the trial judge, without the subsequent grant of an application for interlocutory appeal, has not been sufficient to confer jurisdiction on the appellate court. Accordingly, since the order of adjudication in this case was not final and there being neither a certificate of immediate review nor a subsequent grant of an

application for interlocutory appeal, this Court is without jurisdiction over this case.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED MARCH 9, 1988.

*Charles M. Taylor II*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Vernon R. Beinke, Assistant District Attorneys*, for appellee.