76520. IN THE INTEREST OF K. B.
(372 SE2d 476)

BIRDSONG, Chief Judge.
   This court granted appellant's application for discretionary appeal to determine the validity of the Baldwin County Juvenile Court's order denying the parents' petition for visitation privileges to see their child (K. B.), following the court's grant of temporary custody of K. B. to the Department of Family and Children Services (DFCS).
   DFCS filed a petition with the juvenile court alleging that K. B., a female child, 14 years of age, was deprived. The parents and DFCS stipulated that the child was deprived and the court granted temporary custody to DFCS. Thereafter, because the order did not provide for visitation by the parents, the court was petitioned to grant them "visitation rights." The juvenile court held: "visitation relates to custody, and once the court commits the child to the custody of DHR it does not retain the authority to determine matters of custody and control of the child." At issue on appeal is: (1) whether the juvenile court has the authority to grant visitation rights to the parents of a child in an order granting temporary custody of a child to DFCS, and (2) if so, when such order is issued without a decision on visitation rights of the parents, does the juvenile court have the authority to amend its original order to provide for visitation by the parents? *Held:*
   1. In acting upon a petition alleging deprivation of a child, the juvenile court is authorized to determine who will exercise custody over the child "subject to conditions and limitations as the court prescribes. . . ." OCGA § 15-11-34 (a) (1). The statute does not list the "conditions and limitations" which the courts may prescribe. But, we are instructed as to what rights and obligations are imposed upon DFCS. The legal custodian has the right to physical custody of the child, the right to determine the nature of the care and treatment, including education, ordinary medical care, discipline, etc., *"subject to* the conditions and limitations of the order and to *the remaining rights and duties of the child's parents* or guardian." (Emphasis sup-

plied.) OCGA § 15-11-43. Again, we are not advised what "rights and duties" the parents retain. But, this code section reserves the right to a juvenile court to include retained parental rights in the temporary custody order.

A similar statute circumscribes the responsibilities of DFCS to physical possession of the child, the right and duty to protect, train and discipline the child, to provide food, clothing, shelter, education, and ordinary medical care, "provided that these rights and responsibilities shall be exercised *subject to . . . any residual parental rights* and responsibilities." (Emphasis supplied.) OCGA § 49-5-3 (12). Our Supreme Court has held·that mere placement of custody by a juvenile court "did not deprive the parents of all parental rights in the child." *Jackson v. Anglin*, 193 Ga. 737, 738 (19 SE2d 914). We find that visitation rights of a parent of a child in custody of DFCS is a residual "parental tie" which is not severed by the mere placement of the child in the temporary custody of DFCS, without a specific finding as to that right.

An appellate court will not infer severance of parental visitation rights from a silent record, because "[t]here must be compelling facts to establish the necessary lack of 'proper parental care or control' justifying the government's intrusion in cutting natural family ties." *Nix v. Dept. of Human Resources*, 236 Ga. 794, 795 (225 SE2d 306). "To sever parental ties absent such 'compelling facts' would be tantamount to child abuse." *In re M. M. A.*, 166 Ga. App. 620, 624 (305 SE2d 139). The record before us does not contain such "compelling facts" as to demand severance of "visitation rights." The stipulated facts may support the finding of deprivation, but no finding was reached as to visitation. The legislative intent is made clear that the rights and responsibilities of the temporary custodian of the child, DFCS, are "subject to the conditions and limitations of the [juvenile court's] order and to the remaining ['residual'] rights and duties of the child's parents. . . ." OCGA §§ 15-11-43; 49-5-3 (12). One of those residual rights which is not severed by a grant of temporary custody to DFCS is visitation by the parents, absent specific findings.

2. Remaining for determination is whether the juvenile court may reconsider its earlier custody order in which it omitted any reference to visitation by the parents. The Code provides that "[a]n order of the court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child" with an exception not here applicable. OCGA § 15-11-42 (b). Although there is no indication of "changed circumstances" in the instant case, this code section shows the juvenile court does retain authority to change or modify its earlier orders. Here, the court decided it had no authority to change or modify its earlier order.

As to the general law regarding the authority of a judge to mod-

ify, revise, amend or revoke its orders and judgments, see *C & S Nat. Bank v. Burden*, 145 Ga. App. 402 (1) (244 SE2d 244) and *Union Circulation Co. v. Trust Co. Bank*, 143 Ga. App. 715 (1) (240 SE2d 100), Div. 2, rev'd 241 Ga. 343 (245 SE2d 297). " 'A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion.' " *Pekor v. Clark*, 236 Ga. 457, 458 (224 SE2d 30). "This well-recognized principle is not strictly applicable to a juvenile court's judgments, because the inherent power to modify extends only for the term in which the judgment was entered, and juvenile courts do not sit in terms." *In re P. S. C.*, 143 Ga. App. 887, 889 (240 SE2d 165); see also OCGA § 15-1-3 (b) on general power of court to amend its orders.

The expressed legislative intent is one of continuing jurisdiction by a juvenile court over its orders, particularly during the statutory duration of an order's length. For example, when the court issues an order removing a child from her home, the order continues in force for 18 months, unless "sooner terminated by the court. . . ." OCGA § 15-11-41 (c). This statute continues the jurisdiction of the court over its order during that period. Further, in OCGA § 15-11-42 (b), the juvenile court is authorized to change, modify, or vacate an order "on the ground that changed circumstances so require in the best interest of the child. . . ." No time limitation is placed upon this type jurisdiction. Therefore, we conclude that the juvenile court had jurisdiction to modify its order of June 29, 1987, upon the date of the filing of the parents' petition for visitation rights, November 10, 1987.

This court, in *In re P. S. C.*, supra, recognized the gravity of court proceedings to terminate parental rights to their offspring and held: "To this end, we will not declare orders terminating parental rights, removing the child permanently from his own home, to be beyond the reach of the court issuing the order. To the contrary, the juvenile court judge who has second thoughts about such an action should, under the present Code, take whatever steps necessary to ensure the correctness of his action." Id. at 888. In the present case we are not faced with a termination of "all" parental rights, only the severance of the important "parental tie" of visitation by the parents. However, the analogy is sufficiently close for us to consider the reasoning of this case. We find that the parents were entitled to a hearing on the issue of the severance of their right of visitation, which is a residual right not terminated by a juvenile court placement of their child with DFCS. The court erred in finding it did not have the authority to consider this issue.

3. To insure that our holding is not misunderstood, we emphasize that the only issue here resolved is whether a temporary custody

order severs the parental right of visitation, and the entitlement of the parents to a hearing on this issue if it is not resolved in the initial adjudicatory hearing. We hold nothing more than the juvenile court has the authority to reconsider its earlier order to determine this issue.

The issue decided here, visitation rights of parents for children committed to the temporary custody of DFCS, should not be confused with earlier cases in which the juvenile court required DFCS to take specified actions on behalf of the children committed to their custody. See *In re R. L. M.*, 171 Ga. App. 940 (321 SE2d 435); *In the Interest of C. A. G.*, 142 Ga. App. 480 (236 SE2d 171); *In the Interest of R. D.*, 141 Ga. App. 843 (234 SE2d 680); *In re A. S.*, 140 Ga. App. 865 (232 SE2d 145).

4. The remaining enumerations of error will not be addressed as they are outside the limited scope for which this court granted this discretionary appeal.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Joel D. Burns*, for appellant.
*Phillip B. Spivey, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.