507 N.W.2d 900 (1993)
In the Interest of C.L.L., a Child.
Mark GADDIS, Petitioner and Appellee,
v.
C.L.L., Child, Respondent and Appellant,
Dennis Lembke, Father; Silvia Anderson, Mother, Respondents.
Civ. No. 930100.
Supreme Court of North Dakota.
November 10, 1993.
Kristine Paranica (argued), Asst. State's Atty., Bismarck, for petitioner and appellee.
William D. Schmidt (argued), Bismarck, for respondent and appellant.
NEUMANN, Justice.
This is an appeal from an order confirming the juvenile court referee's findings and recommendations after adjudication, and before disposition. We dismiss for lack of jurisdiction.
The referee found that appellant, C.L.L., a minor child, committed a delinquent act. The referee recommended that the parties be heard on the need, if any, for treatment and rehabilitation of the appellant, and, if determined to be needed, then on the matter of an appropriate disposition. The dispositional hearing was postponed pending a review by the district court of the referee's findings and recommendations. An order confirming the referee's findings and recommendations was entered by the district court. Once again the disposition hearing was postponed pending this appeal from the district court's order.
The procedural facts of this case are unique. It is highly unusual for an appeal to be taken prior to the dispositional hearing. It is also improper appellate procedure. The order is not final, and therefore we do not have jurisdiction. Accordingly, we dismiss.
"The right to appeal is a jurisdictional matter which we may consider sua sponte." E.g., Johnson v. King, 325 N.W.2d 254, 256 (N.D.1982). In North Dakota, the right to appeal juvenile matters covered by chapter 27-20 of the North Dakota Century Code is granted by section 27-20-56. The pertinent portion of subpart (1) of this statute states that "[a]n aggrieved party ... may appeal from a final order, judgment, or decree of the juvenile court to the supreme court...." (emphasis added).
This is a case of first impression in our jurisdiction. The appealability of an order entered after the adjudication but before the disposition stage of a juvenile proceeding has never been addressed by this Court. Therefore, we find it helpful to consider what other jurisdictions with similar statutes have done. See NDCC § 1-02-13 (uniform laws should be construed to make uniform the law of those states which enact it). In 1969, North Dakota became the first of three states to adopt the Uniform Juvenile Court Act (Act). Georgia adopted the Act in 1971, and Pennsylvania followed in 1976.
Section 59 of the Act addresses appealability. Juvenile Court Act § 59, 9A U.L.A. *901 (1987). Our version of section 59 is found at NDCC § 27-20-56, and is identical to the uniform Act. Georgia's version of the Act differs slightly from our own. It states that appeals may be taken from "all cases of final judgments." OCGA § 15-11-64. For purposes of this appeal, the differences in the wording of these statutes is merely a matter of semantics, and has no effect on the substance of the statutes.
Georgia has developed a line of case law on this issue of appealability. We find Georgia's analysis helpful. In the case of M.K.H. v. State, 132 Ga.App. 143, 207 S.E.2d 645 (1974), the Georgia Appellate Court held that they lacked jurisdiction when a juvenile appealed from an order which adjudged him to be delinquent. The appellate court held that an adjudication order entered before a dispositional hearing was not a final, appealable judgment, and therefore dismissed the appeal. Id. The court reasoned that the order could not be a "final judgment" because if at the disposition hearing the child was discharged, the appeal would be moot. Id. "[T]he order of adjudication is not a conviction of crime resulting in any civil disqualification, which would need to be expunged from the child's record, and only the order of disposition can be used against him, and then only in juvenile court proceedings." Id. (emphasis in original). OCGA §§ 15-11-34, 35, 38; Juvenile Court Act §§ 30, 31, 33, 9A U.L.A. (1987). See NDCC §§ 27-20-30, 31, 33.
See also In re G.C.S., 186 Ga.App. 291, 367 S.E.2d 103 (1988). In G.C.S. a juvenile appealed his adjudication as delinquent. Id. The appellate court held that the juvenile's appeal had to be dismissed since an adjudication order alone is not a final appealable judgment. Id. Compare G.C.S., 367 S.E.2d at 103, and M.K.H., 207 S.E.2d at 645, with In re G.G., 177 Ga.App. 639, 341 S.E.2d 13 (1986) (appellate court had jurisdiction over the appeal because it came after both the adjudication of delinquency, and the disposition).
We are persuaded by the reasoning of the Georgia courts, and we believe it is equally applicable to our own Uniform Juvenile Court Act regarding this issue of appealability. We therefore dismiss this appeal for lack of jurisdiction.
VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.