S96C0331. IN THE INTEREST OF T. L. C.

(467 SE2d 885)

PER CURIAM.

Appellant, T. L. C., was adjudicated a delinquent by the Muscogee Juvenile Court based on a charge of theft by shoplifting. By the same order, the juvenile court also transferred the matter to the juvenile court of Russell County, Alabama, the juvenile's county of residence, for disposition of the case. T. L. C. filed a direct appeal to the Georgia Court of Appeals from the Muscogee Juvenile Court delinquency and transfer order. Relying on *In the Interest of G. C. S.*, 186 Ga. App. 291 (367 SE2d 103) (1988) which sets forth the rule that an adjudication order is not a final order appealable under OCGA § 15-11-64, the Court of Appeals ordered that the appeal be dismissed as premature inasmuch as no certificate of immediate review had been obtained. T. L. C. petitioned this Court for a writ of certiorari which we hereby grant to consider whether the Court of Appeals erred in dismissing his appeal. We conclude that the Court of Appeals did so err, and reverse.

> The judgment appealed from in this case was the final judgment to be entered in the case by any court in Georgia and therefore, unlike the cases . . . where the case was transferred to another Georgia court [e.g., *In the Interest of G. C.*

*S.*, supra] for final disposition, it was subject to review without a certificate authorizing immediate review.

*G. W. v. State of Ga.*, 233 Ga. 274, 275-276 (210 SE2d 805) (1974).

Because the Court of Appeals erred in concluding that T. L. C.'s case was not subject to direct appeal, the case is remanded to the Court of Appeals for consideration on the merits.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 11, 1996.

*Melvin E. Cooper,* for appellant.
*Douglas C. Pullen, District Attorney,* for appellee.