A96A2319. IN THE INTEREST OF M. T., a child.

(478 SE2d 428)

MCMURRAY, Presiding Judge.

A petition was filed with the Juvenile Court of Butts County, alleging that the minor M. T. was delinquent for having committed a delinquent act which if committed by an adult would constitute the offense of abusive and obscene language in violation of OCGA § 16-11-39, for having called the victim "a bitch and cursing at her and telling her that he was going to throw her down and f— her to death. . . ." It was further alleged that M. T. committed a delinquent act which if committed by an adult would constitute the offense of simple assault in violation of OCGA § 16-5-20, by placing the victim "in reasonable apprehension of receiving a violent injury . . ." by this same threat.

An adjudicatory hearing was apparently commenced on March 13, 1996, and continued to April 10, 1996. At the conclusion of the April 10, 1996 portion of the hearing, the juvenile court orally announced its findings, "beyond a reasonable doubt that [M. T.] committed the delinquent offenses of obscene and abusive language and terroristic threats." The juvenile court further announced that M. T. would be placed on probation, with conditions. The April 10, 1996 written order, however, recites that, "after evidence was presented, it is found that it would be in the best interest of said youth that the charges against said youth be held in ABEYANCE as set forth in Chapter 15-11-14 of the Juvenile Court Code for 120 days (SEE OVER FOR CONDITIONS) at which time charges will be dismissed if no further complaints have been filed with this Court, and said youth obeys the probative rules hereto attached." This direct appeal followed. *Held*:

It is the duty of this Court on its own motion to inquire into its jurisdiction. *Thibadeau v. Hendon*, 221 Ga. App. 258 (471 SE2d 52). OCGA § 15-11-64 allows appeals "[i]n all cases of final judgments of a

juvenile court judge. . . ." In our view, the order appealed from in the case sub judice is not a final order, for it does not render a judgment of adjudication and disposition on the allegations contained in the petition for delinquency. Rather, it holds all charges in abeyance during a period of good behavior. Upon successful completion of that period of good behavior, all charges will be dismissed. Compare *In the Interest of T. L. C.*, 266 Ga. 407 (467 SE2d 885) (adjudication of delinquency and transfer to the juvenile court of Russell County, Alabama, was directly appealable because it "was the final judgment to be entered in the case by any court in Georgia. . . ."); *G. W. v. State of Ga.*, 233 Ga. 274, 276 (210 SE2d 805) (adjudication of delinquency and transfer to county of residence of nonresidents of Georgia was the "final judgment to be entered in the case by any court in Georgia and therefore, unlike the cases . . . where the case was transferred to another Georgia court for final disposition, . . . was subject to review without a certificate authorizing immediate review."). Since the order appealed from is not the final judgment to be entered in the case by any court in Georgia, this appeal is premature, and the case must be dismissed without prejudice. The minor M. T. is expressly granted permission to file a direct appeal from any subsequent final judgment. *M. K. H. v. State of Ga.*, 132 Ga. App. 143 (207 SE2d 645); *D. C. E. v. State of Ga.*, 130 Ga. App. 724, 725 (204 SE2d 481).

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 19, 1996.

*William A. Fears*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

