A98A1768. IN THE INTEREST OF B. S. H., a child.
(514 SE2d 70)

BEASLEY, Presiding Judge.

How long is a window of opportunity open for a juvenile, after a juvenile court finding of delinquency and entry of a dispositional order, to file a motion to set aside or amend the judgment?

On April 10, 1996, the Juvenile Court of Gwinnett County adjudicated B. S. H. delinquent and entered an order of disposition. This resulted from the youth's admission to all counts of two separate petitions which alleged he was guilty of reckless driving (OCGA § 40-6-390), disregarding a stop light (OCGA § 40-6-20 (a)), fleeing and attempting to elude an officer (OCGA § 40-6-395), passing in a no passing zone (OCGA § 40-6-46), and driving on the wrong side of the road (OCGA § 40-6-40). The events leading to the order occurred on December 29, 1995 when B. S. H. was age 16. The court placed B. S. H. on probation, suspended his driving license for three years, and ordered that he successfully complete several programs and satisfy certain other conditions, including payment of restitution.

On October 9, 1997, B. S. H. filed a "Motion to Withdraw Admis-

sion, or in the Alternative, Plea in Bar, Motion to Vacate, Set Aside or Amend Sentence." The court dismissed the motion on the ground that it did not have jurisdiction to grant relief because 18 months had passed after entry of the final order. B. S. H. directly appeals that decision. The county contends the court only had jurisdiction of motions such as the one filed by B. S. H. for 30 days after the April 10, 1996 order.

Entry of a finding of delinquency together with an order of disposition in juvenile court is a final order for purposes of appeal, from which a direct appeal lies if taken within 30 days.[1] B. S. H. did not appeal the April 10, 1996 judgment and dispositional order.

The Juvenile Court Code (Code Ann. Title 24A [OCGA Title 15, Ch. 11]; Ga. L. 1971, pp. 709-757; Ga. L. 1973, pp. 579-581, 882-889) establishes a unique court system for the protection and rehabilitation of children under 17 years of age. The General Assembly has provided that the Title shall be liberally construed to effectuate its purpose. [OCGA § 15-11-1]. The provisions of the Juvenile Court Code dealing with the commencement of proceedings [OCGA § 15-11-11], the petition . . . , the modification or vacation of orders [OCGA § 15-11-42], and other matters, indicate a legislative intent to make it a court with its own distinctive rules of procedure.[2]

"The expressed legislative intent [behind the creation and definition of the juvenile courts] is one of continuing jurisdiction by a juvenile court over its orders, particularly during the statutory duration of an order's length."[3] Provision for continuing jurisdiction over a delinquency matter after entry of dispositional orders can be found in OCGA § 15-11-41 (a) (court may extend duration of certain dispositional orders); OCGA § 15-11-41 (p) (orders continue in force for up to two years; court may terminate its order sooner or extend duration further); and OCGA § 15-11-41 (q) (court may terminate an order of disposition prior to its expiration).

OCGA § 15-11-42 expressly provides that the court may set aside, change, modify, or vacate its orders on certain grounds.[4] The

---

[1] OCGA § 5-6-38. See In the Interest of G. C. S., 186 Ga. App. 291 (367 SE2d 103) (1988); M. K. H. v. State of Ga., 132 Ga. App. 143, 144 (207 SE2d 645) (1974).

[2] English v. Milby, 233 Ga. 7, 9 (1) (209 SE2d 603) (1974).

[3] In the Interest of K. B., 188 Ga. App. 199, 201 (2) (372 SE2d 476) (1988) (applied to custody orders arising from deprivation proceeding); West v. Cobb County Dept. of Family &c. Svcs., 243 Ga. 425, 426 (254 SE2d 373) (1979) (jurisdiction extends for at least two years over matters regarding deprived children).

[4] See In the Interest of K. B., supra, 188 Ga. App. at 201. This provision establishes no

manifest intent of the Juvenile Court Code is to give the court continuing jurisdiction of its orders.

Both parties and the court refer to the following language in *In re P. S. C.*[5] in support of their positions:

> A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of sound legal discretion. . . . This well-recognized principle is not strictly applicable to a juvenile court's judgments, because the inherent power to modify extends only for the term in which the judgment was entered, and juvenile courts do not sit in terms. However, it is clear that a juvenile court retains its inherent power to modify its own judgments *at least* for the length of the statutory appeal period.[6]

That is 30 days.[7] Timeliness in *In re P. S. C.* was thereupon founded on the 30-day inherent power of courts to modify judgments, which was possible because the motion, as well as the court's order, was filed within 30 days of the original judgment. Although the court in *In re P. S. C.* was not faced with a motion made outside the 30-day period, it did alert the reader to what is now OCGA § 15-11-42 and impliedly suggest that the Code section extended the power to act beyond the appeal period.

B. S. H. contends the statutory language indicates that 30 days is the minimum time available to file a motion and that there is no provision for a maximum limit. The county counters that 30 days is the maximum time available to file such a motion and relies on *In the Interest of J. O.*[8] and *In the Interest of M. A. L.*[9]

*In the Interest of M. A. L.* cites *In the Interest of J. O.* for the proposition that "[a]n order on . . . a motion [to modify or vacate pursuant to OCGA § 15-11-42] filed within the statutory appeal period is appealable to this court, even if the order is rendered more than 30 days from the original order sought to be vacated or modified." That

---

time limit for a motion requesting such an order. OCGA § 15-11-42; *In the Interest of K. B.*, supra (court had authority to modify its order of June 29, 1987 upon petition filed over four months later). See also *In the Interest of J. O.*, 191 Ga. App. 521, 522 (382 SE2d 214) (1989) (Section 15-11-42 "sets no time limits") overruled on other grounds, *In the Interest of T. A. W.*, 265 Ga. 106 (454 SE2d 134) (1995).

[5] 143 Ga. App. 887 (240 SE2d 165) (1977).

[6] Id. at 889 (2).

[7] OCGA § 5-6-38. See *In the Interest of A. C. J.*, 211 Ga. App. 865 (440 SE2d 751) (1994).

[8] Supra.

[9] 202 Ga. App. 768 (415 SE2d 649) (1992) overruled on other grounds, *In the Interest of T. A. W.*, supra.

statement implies that such a motion must be filed within 30 days of the final order. The court in part based its decision that it did not have jurisdiction of the appeal on the fact that a motion to modify filed several months after the final disposition was untimely, having been filed "well outside the statutory appeal period."[10]

But *In the Interest of J. O.* clearly stated otherwise: "OCGA § 15-11-42. . . provides the vehicle for correction of juvenile court orders. It sets no time limits."[11] We decline to follow *In the Interest of M. A. L.*

Based on the intent of the legislature described above, we hold that so long as a juvenile court order is in effect and the court has not otherwise relinquished jurisdiction of the matter, a motion under OCGA § 15-11-42 is timely.

The problem here is that on November 1, 1996 the juvenile court dismissed B. S. H. from probation and terminated its jurisdiction of the case. B. S. H. filed his motion almost one year later. For this different reason, the court correctly held it no longer had jurisdiction to entertain the motion.[12]

Having made the above determinations, we can only now analyze this Court's jurisdiction of B. S. H.'s appeal of the denial of his motion. Assuming without deciding the November 1, 1996 order could be classified as a "final judgment," there were only two possible such judgments for the purposes of appeal: the April 10, 1996 delinquency/disposition order, and the November 1, 1996 termination order.[13] B. S. H. did not appeal either order. No subsection of OCGA § 5-6-34 (a) authorizes direct appeal of a § 15-11-42 motion and therefore appeal may only be had by application. B. S. H. omitted the procedure for a discretionary appeal.

The appeal must be dismissed for want of jurisdiction.

*Appeal dismissed. Johnson, C. J., Pope, P. J., Andrews, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., Eldridge and Barnes, JJ., concur in judgment only.*

DECIDED MARCH 11, 1999.

*Mickey G. Roberts*, for appellant.
B. S. H., *pro se*.

---

[10] *In the Interest of M. A. L.*, 202 Ga. App. at 769.

[11] *In the Interest of J. O.*, supra.

[12] *Frederick v. State*, 226 Ga. App. 540, 542 (1) (487 SE2d 107) (1997) (trial court decision affirmed if right for any reason).

[13] See OCGA §§ 15-11-64; 5-6-34 (a) (1); *G. W. v. State of Ga.*, 233 Ga. 274 (210 SE2d 805) (1974) (the final judgment to be entered in a juvenile court case by a juvenile court in Georgia is a final judgment).

*Daniel J. Porter, District Attorney, Donald P. Geary, Annette S. Malena, Assistant District Attorneys*, for appellee.