# Court of Appeals
# of the State of Georgia

ATLANTA,  June 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0773. IN THE INTEREST OF: E. H., A CHILD.**

In this delinquency matter, the State seeks to appeal the order of the juvenile court classifying the alleged delinquent act as misdemeanor rather than felony shoplifting. According to the State, a direct appeal is permitted under OCGA § 5-7-1 (a) (2). We disagree.

"In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of [this statute], the appellate courts do not have jurisdiction to entertain it." (Citation and punctuation omitted.) *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). Pursuant to OCGA § 5-7-1 (a) (2), the State may appeal "[f]rom an order, decision, or judgment arresting judgment of conviction or adjudication of delinquency upon legal grounds." "The purpose of a motion in arrest of judgment is to arrest, and thus avoid, the judgment, because of some unamendable defect appearing on the face of the record." (Citation and punctuation omitted.) *Underwood v. D. C. Heath & Co.*, 64 Ga. App. 180 (1) (12 SE2d 464) (1940). In a criminal case, this means a defect appearing in the indictment, plea, verdict or judgment. See *Gunn v. State*, 227 Ga. 786, 787 (3) (183 SE2d 389) (1971).

First, there appears to be no final disposition in this case.[1] Thus, there can be

---

[1] During a hearing, the trial court announced that it would defer entering a formal adjudication pending briefs on the issue of whether to characterize the offense as a misdemeanor or felony. In its order resolving the issue, however, the trial court did not enter an adjudication of delinquency and disposition. See, e. g., *In Interest of M. T.*, 223 Ga. App. 615 (478 SE2d 428) (1996) (juvenile delinquency action not final

no judgment to arrest. See, e. g., OCGA § 17-9-61 (a) (party may move for arrest "[w]hen a judgment has been rendered"). Second, the State does not allege a defect in an indictment, plea, verdict or judgment. See *State v. Clark*, 191 Ga. App. 708 (382 SE2d 670) (1989). The trial court's ruling may not reasonably be construed as an order arresting judgment. Because the trial court's order does not fall within OCGA § 5-7-1, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/20/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

where court did not enter adjudication of delinquency and disposition).