**FOURTH DIVISION
DILLARD, C. J.,
DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 20, 2018**

# In the Court of Appeals of Georgia

A18A0328. IN THE INTEREST OF J. S. A., a child.                    DO-012 C

DOYLE, Presiding Judge.

The district attorney for the Blue Ridge Judicial Circuit filed a delinquency petition in the Juvenile Court of Cherokee County, alleging that J. S. A. was deliquent for committing an act, which if committed by an adult, would constitute the offense of making a terroristic threat,[1] by showing to the victim a digital photograph of a weapon after another juvenile, J. P., told the same victim that J. P. was going to shoot the victim. At the conclusion of the adjudicatory hearing, the juvenile court found that the State had met its burden of showing that J. S. A. committed the delinquent offense, but instead of adjudicating delinquent J. S. A., the court entered an informal adjustment with various conditions for J. S. A. over the period of six months. The

---

[1] OCGA § 16-11-37 (b) (1) (A).

court explained to J. S. A. that if he complied with the rules, the charge would be dismissed at the end of six months, and if he failed to comply he would be placed on probation for up to two years.[2] The written order was entered on June 15, 2017.

J. S. A. appealed the order, but the State argues that this appeal should be dismissed. Citing *In the Interest of M. T.*,[3] and *M. K. H. v. State*,[4] the State contends that an informal adjustment is not an appealable final order of delinquency. We agree. Like an order holding the judgment in abeyance during good behavior, the order here did not render a judgment of adjudication and disposition on the allegation contained in the petition, and if J. S. A. completes the requirements in the order, no such adjudication will be made. Because "the order appealed from is not the final judgment

---

[2] We note that there was no petition for informal adjustment filed pursuant to OCGA § 15-11-515. J. S. A. did not object to the entry of the informal adjustment at the hearing, so he has waived any challenge to the trial court's abililty to enter an informal adjustment. Cf. *Rivers v. State*, 229 Ga. App. 12, 13 (1) (493 SE2d 2) (1997) ("Failure to timely object to a transfer to superior court waives appellate review of this issue."), overruled on other grounds by enactment of OCGA § 15-11-564. In any event, we do not read his argument to this Court to be that the trial court was prohibited from entering such an informal adjustment without the proper petition being filed, rather, that he be allowed the right to appeal immediately from the adjustment order.

[3] 223 Ga. App. 615 (478 SE2d 428) (1996).

[4] 132 Ga. App. 143 (207 SE2d 645) (1974).

to be entered in the case by any court in Georgia, this appeal is premature, and the case must be dismissed without prejudice. [J. S. A.] is expressly granted permission to file a direct appeal from any subsequent final judgment."[5]

*Appeal dismissed. Dillard, C. J., and Mercier, J., concur.*

---

[5] *In the Interest of M. T.*, 223 Ga. App. at 616.