# Court of Appeals
# of the State of Georgia

ATLANTA,  November 01, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0239. IN THE INTEREST OF I. W., A CHILD.**

The Juvenile Court of Gwinnett County entered an order adjudicating I. W. delinquent, but it did not enter a disposition in the case. Instead, the court ordered the child to return to the court at a later date for a disposition hearing. I. W. filed this direct appeal from the adjudication order and from the court's order denying her motion to dismiss the delinquency petition pursuant to OCGA § 15-11-521 (a). We, however, lack jurisdiction.

OCGA § 15-11-35 authorizes direct appeals from "final judgments of the juvenile court[.]" "[A]n adjudication order alone is not a final, appealable judgment under the . . . Juvenile Court Code, and absent a certificate for immediate review" and subsequent grant of an application for interlocutory appeal, an appeal from such an order must be dismissed.[1] *In the Interest of G.C.S.*, 186 Ga. App. 291, 292 (367 SE2d 103) (1988). There is nothing in the record to indicate that the juvenile court entered a dispositional order in this case. Even I. W.'s notice of appeal acknowledges that the disposition hearing has not yet occurred. Accordingly, I. W.'s direct appeal from the adjudication of delinquency is not authorized.

Likewise, the denial of the motion to dismiss the delinquency petition is not directly appealable. When the juvenile court denies a motion to dismiss a case pursuant to OCGA § 15-11-521 (which sets time limitations for filing delinquency

---

[1]Although the order at issue is on a form titled "Delinquent Adjudication and Disposition Order," it is clear that the order as entered includes no disposition and is, in substance, a *pre*-disposition order.

petitions), the ruling is not final because the case remains pending in the court below. See OCGA § 15-11-35 (providing for appeals from final judgments of the juvenile court in the same manner as appeals from superior court); OCGA § 5-6-34 (a) (1) (defining "final judgment" as one "where the case is no longer pending in the court below").

Because this case remains pending before the juvenile court, I. W. was required to use the interlocutory appeal procedures, including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *In the Interest of G.C.S.*, 186 Ga. App. at 292. Her failure to do so deprives us of jurisdiction over this appeal. See *In the Interest of G.C.S.*, supra.

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  11/01/2021 
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

  *, Clerk.* Stephen E. Castlen